**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 4 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHNNY RAY CALDWELL,

    Plaintiff - Appellant,

vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant - Appellee.

No. 03-4235
(D.C. No. 2:02-CV-939-PGC)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.[**]

    Plaintiff-Appellant Johnny Ray Caldwell, an inmate appearing pro se, appeals from the district court's dismissal of his claims under the Social Security Act, 42 U.S.C. §§ 1381-1383c. Our jurisdiction arises under 28 U.S.C. § 1291. For the reasons stated below, we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Background

In August 2000, Mr. Caldwell filed a complaint in the United States District Court for the District of Utah challenging the Commissioner's denial of his March 17, 1997, application for Supplemental Security Income ("SSI") benefits. Caldwell v. Soc. Sec. Admin., No. 00-CV-564 (D. Utah filed Aug. 7, 2000) ("Caldwell I"), Aplee. Supp. App. at 11. On motion by the Commissioner, in June 2001, the district court remanded the case to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g),[1] for additional administrative proceedings. The Appeals Council sent the case back to the Administrative Law Judge ("ALJ") for rehearing.

While Caldwell I was on remand, Mr. Caldwell filed another complaint in the district court, again challenging the Commissioner's denial of his March 17, 1997, SSI application. Caldwell v. Barnhart, No. 01-CV-475 (D. Utah filed July 2, 2001) ("Caldwell II"), Aplee. Supp. App. at 17. On January 25, 2002, the ALJ in Caldwell I issued a decision favorable to Mr. Caldwell, finding that as of January 1, 1996, Mr. Caldwell was medically eligible for SSI based on disability under Title XVI of the Social Security Act based on his mental condition. The

---

[1]"The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security . . . ." 42 U.S.C. § 405(g).

Commissioner then moved to consolidate <u>Caldwell II</u> into <u>Caldwell I</u> for entry of judgment affirming the ALJ's decision and to dismiss any remaining claims. The district court granted this motion in August 2002. Mr. Caldwell's appeal to this court was dismissed in February 2003 on the Commissioner's motion on the grounds that he had "received all of the benefits he sought in his application before the Social Security Administration." Def./Aplee. Mot. Dismiss, Ex. A at 9.

Mr. Caldwell filed the complaint in the instant action ("<u>Caldwell III</u>") on August 26, 2002, seeking payment of the SSI benefits owed to him pursuant to the ALJ's January 2002 decision, and asserting a claim for mental anguish. R. Doc. 3. On October 15, 2002, the Commissioner issued Mr. Caldwell payment in the amount of $9,996.67 for a seven-year period of SSI benefits. On April 10, 2003, the district court dismissed Mr. Caldwell's action, finding that "[b]ecause Mr. Caldwell has received all of the SSI benefits due and owing to him his claims are now barred by <u>res judicata</u> and mootness and are dismissed." R. Doc. 26 (footnote omitted). Mr. Caldwell filed his notice of appeal in this court on September 30, 2003.

Discussion

I.      <u>Timeliness</u>

The Commissioner argues that this court lacks jurisdiction to consider Mr.

Caldwell's appeal because he failed to file his notice of appeal within the time required under Federal Rule of Appellate Procedure 4(a)(1)(B). "[T]he filing of a timely notice of appeal is 'mandatory and jurisdictional.'" Trotter v. Regents of the Univ. of N.M., 219 F.3d 1179, 1182 (10th Cir. 2000) (quoting Budinich v. Becton Dickinson & Co., 486 U.S. 196, 203 (1988)). The Court of Appeals "must determine, as a threshold matter, whether the notice of appeal was timely." Id. at 1182.

The district court granted the Commissioner's motion to dismiss Mr. Caldwell's complaint on April 10, 2003. Mr. Caldwell's notice of appeal was filed in the district court on September 30, 2003.[2] Ordinarily, an appealing party in an action against the United States or its officers must file a notice of appeal within sixty days of the entry of a final decision. Fed. R. App. P. 4(a)(1)(B). In this case, however, the district court did not file a separate entry of judgment with its April 10, 2003, decision. See Fed R. Civ. P. 58(a). In light of that, judgment is considered entered 150 days after entry of the district court's April 10, 2003,

---

[2]Mr. Caldwell appears to have delivered the notice of appeal to prison officials for mailing on September 28, 2003. Because of our disposition of the timeliness issue, we need not address whether the "prisoner mailbox rule," Fed. R. App. P. 4(c)(1); see also Houston v. Lack, 487 U.S. 266, 276 (1988), applies in this case. We do note, however, that the benefit of the rule may be attained only if the prisoner submits a declaration or notarized statement in accordance with Rule 4(c)(1), see United States v. Ceballos-Martinez, 358 F.3d 732, 734 (10th Cir. 2004), and we have found no such documents in the record.

Order.  See Fed. R. Civ. P. 58(b)(2)(B).  Thus, the time to appeal did not begin to run until Monday, September 8, 2003.  Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B), then, Mr. Caldwell had 60 days to file his notice of appeal.  This period expired on November 7, 2003.  As Mr. Caldwell's notice of appeal was filed on September 28, 2003, his appeal is timely.

II.    Res Judicata and Mootness

The Commissioner argues that Mr. Caldwell's appeal is barred by res judicata because it involves the same parties and is based on the same issues as presented in his earlier suits, and that Mr. Caldwell's claim is moot because he has received all of the benefits to which he is entitled.  We review de novo the district court's dismissal of a case based on res judicata or mootness.  See Plotner v. AT&T Corp., 224 F.3d 1161, 1168 (10th Cir. 2000); N.M. Envtl. Dep't v. Foulston (In re L.F. Jennings Oil Co.), 4 F.3d 887, 888 (10th Cir. 1993).  Based on our review of the parties' arguments, we agree with the district court.

We have previously explained that four elements must be satisfied in a res judicata defense:

> (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit.

Plotner, 224 F.3d at 1168 (internal quotation marks and citations omitted).  We

are satisfied that these four elements were met in Mr. Caldwell's earlier lawsuits against the Commissioner. First, a judgment on the merits was entered in the prior suits, which was affirmed by this court. See Def./Aplee. Mot. Dismiss, Ex. A at 9, 12-18; Aplee. Supp. App. at 4, 14, 23. Second, the parties in Mr. Caldwell's several lawsuits are the same, i.e., Mr. Caldwell and the Commissioner of the Social Security Administration. See Aplee. Supp. App. at 11, 17. Third, the cause of action in Mr. Caldwell's prior lawsuits was the same as in the present case, namely his eligibility for SSI benefit payments from January 1996 to January 2002. See Def./Aplee. Mot. Dismiss, Ex. A at 13-17. Finally, our review of the record satisfies us that Mr. Caldwell had a full and fair opportunity to litigate his claim.

We also agree with the district court that Mr. Caldwell's claims are moot. Mr. Caldwell has already been paid the SSI benefits due him under his March 17, 1997, application and he has thereby received all of the relief to which he was entitled.[3] To the extent Mr. Caldwell claims that the Commission's payment of $9,967.67 did not amount to payment in full of the benefits due him, he has not

_____

[3]In his complaint, Mr. Caldwell asserted a claim against the Commissioner for "Mental Anguish." R. Doc. 3 at 5. He appears to have abandoned this claim, as his subsequent filings and appellate brief have failed to mention it. The claim is therefore waived. Tran v. Trs. of the State Colls. in Colo., 355 F.3d 1263, 1266 (10th Cir. 2004). Even were it not waived, Mr. Caldwell has failed to exhaust his administrative remedies. See 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 107 (1993).

indicated how this amount was deficient.

AFFIRMED.  All pending motions are denied.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge