ORDER
This matter is before the court on the appellees’ motions to dismiss. The appel-lees’ argue that the notices of appeal were filed late. We agree and grant the motions.
The district court entered an order on September 16, 2003, adopting the recommendation of the bankruptcy court that a declaratory judgment be entered concluding that certain funds were property of the bankruptcy estate, and ordering that judgment be entered in accordance with that recommendation. Judgment, however, was not entered until May 7, 2004. One group of defendants filed an appeal on June 1, 2004; another filed its appeal on June 15.
Rule 58 of the Federal Rules of Civil Procedure requires that “[ejvery judgment and amended judgment must be set forth on a separate document....” Fed.R.Civ.P. 58(a)(1). The September order does not satisfy the separate document requirement. See Clough v. Rush, 959 F.2d 182, 185 (10th Cir.1992) (holding that a district court order which contained detailed legal analysis and reasoning could not, standing alone, trigger the appeal pro *1064 cess). Accordingly, the time to appeal did not begin to run.
Where a separate judgment is required, judgment is entered “when the earlier of these events occurs: A) when it is set forth on a separate document, or (B) when 150 days have run from entry in the civil docket under Rule 79(a).” Fed. R.Civ.P. 58(b)(2). Thus, where no separate judgment is entered within 150 days, judgment is deemed entered when 150 days have run from entry in the civil docket. See Caldwell v. Barnhart, 100 Fed.Appx. 724, 726 (10th Cir.2004) (unpublished) (where the district court did not file a separate entry of judgment “judgment is considered entered 150 days after entry of the district court’s [order].”).
To interpret the rule otherwise would defeat the purpose of the 2002 amendments to Rule 58, which added the 150 day limit. The amendments were added “to ensure that appeal time does not linger on indefinitely.” Fed.R.Civ.P. 58, Advisory Committee Notes, 2002 Amendments.
The September order was entered on the 16th. Thus, the time to appeal began to run on February 13, 150 days later. This is the date that the time to appeal begins to run because it was earlier than May 7, the day the separate judgment was entered. The time to file an appeal, therefore, expired on Monday, March 15, 2004, more than two months before these appeals were filed.
Accordingly, these appeals are DISMISSED. The mandate shall issue forthwith.