UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

HENNESSEY HUNT,

     Plaintiff-Appellant,

v.

GIULIANO & FATHER
CONSTRUCTION,

     Defendant-Appellee.

No. 04-1466

(D.C. No. 04-AP-1355)
(D. Colo.)

ORDER AND JUDGMENT  *

Before **BRISCOE, LUCERO,**  and **MURPHY** , Circuit Judges.

Hennessey Hunt appeals pro se from the district court order dismissing his case for failing to timely file his notice of appeal pursuant to Bankruptcy Rule 8002.  Additionally, appellee Giuliano & Father Construction ("Giuliano") filed a motion to dismiss Hunt's appeal to this court for lack of appellate jurisdiction. Hunt filed a "Motion Requesting Court Appoint Counsel for Appellant/Status Report on Case Paid in Full Notice of Appeal as Well, Returned Appeal Fee if

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Proceeding Not to Go Forward: In the Tenth Circuit." We deny the motion to dismiss filed by Giuliano, affirm the district court's dismissal, and deny other pending motions as moot.

## BACKGROUND:

Hunt is a state prisoner in Amarillo, Texas. He filed a claim for $8,000.00 in Giuliano's Chapter 11 case. Giuliano objected, arguing that Hunt filed his claim after the bar date for creditors to file petitions and that it has never "had any business or employment arrangement with Mr. Hunt." Appellee Br. at 4. On April 19, 2004, the bankruptcy court for the District of Colorado denied Hunt's claim. On June 17, 2004, Hunt filed his notice of appeal to the district court. On July 7, 2004, the district court ordered Hunt to show cause why the appeal should not be dismissed as untimely. Hunt responded to the district court's show cause order. On September 10, 2004, in a one-page order and minute entry, the district court dismissed Hunt's appeal because he failed to file his notice of appeal within ten days of the bankruptcy court's order. The district court did not enter judgment in a separate document. Hunt subsequently filed two motions for reconsideration pursuant to Rule 59, and the district court denied both motions. Hunt filed a notice of appeal with this court on November 5, 2004.

## ANALYSIS:

We review de novo the district court's dismissal of an appeal from the bankruptcy court for lack of jurisdiction. In re Weston, 18 F.3d 860, 862 (10th

2

Cir. 1994).

A. <u>Appellate Jurisdiction</u>

We first address whether Hunt timely filed his notice of appeal to this court. Timely notice of appeal is mandatory and jurisdictional. <u>Senjuro v. Murray</u>, 943 F.2d 36, 37 (10th Cir. 1991) (per curiam).

Giuliano asserts that this court lacks appellate jurisdiction because Hunt did not file his notice of appeal until early November 2004. Giuliano argues that the deadline for Hunt to file his notice of appeal was October 25, 2004, which was one month after the district court denied his first motion to reconsider. <u>See</u> Fed. R. App. P. 4(a).

Giuliano's argument fails. Because the district court did not set forth a separate judgment entry dismissing Hunt's case, judgment is entered 150 days after the entry in the civil document.

Rule 58 requires that "every judgment and amended judgment must be set forth on a separate document. . . ." Fed. R. Civ. P. 58(a)(1). Where a separate judgment is required, judgment is entered "when the earlier of these events occurs: (A) when it is set forth on a separate document, or (B) when 150 days have run from entry in the civil docket under Rule 79(a)." Fed. R. Civ. P. 58(b)(2). "[W]here no separate judgment is entered within 150 days, judgment is deemed entered when 150 days have run from entry in the civil docket." <u>Funk v. LFLM Defendants</u>, 382 F.3d 1058, 1064 (10th Cir. 2004).

3

In this case, the district court's order of dismissal does not satisfy the separate document requirement. See id. at 1063-64 (10th Cir. 2004); Clough v. Rush, 959 F.2d 182, 185 (10th Cir. 1992). Because the district court failed to set forth the judgment on a separate document, judgment was entered 150 days after the district court entered the order on the civil docket. Thus, Hunt's time for filing a notice of appeal began to run 150 days after September 10, 2004. See Freudensprung v. Offshore Technical Servs., 379 F.3d 327, 335 (5th Cir. 2004).

Hunt filed his notice of appeal on November 5, 2004. This court treats Hunt's notice of appeal "as filed on the date of and after the [judgment] entry" because he filed it "after the court announces a decision or order – but before the entry of the judgment or order." Fed. R. App. P. 4(a)(2); see Ford v. MCI Commc'ns Corp. Health & Welfare Plan, 399 F.3d 1076, 1080-81 (9th Cir. 2005).

Hunt's notice of appeal is timely, and this court has appellate jurisdiction over this case.[1]

B. Timeliness of Hunt's appeal to the district court

Because we have appellate jurisdiction, we next consider whether Hunt's notice of appeal to the district court was timely. We agree with the district

---

[1] Even though the district court failed to enter its dismissal in a separate document, this court has jurisdiction of final decisions of the district court pursuant to 28 U.S.C. § 1291. See Kunkel v. Continental Cas. Co., 866 F.2d 1269, 1272 n.3 (10th Cir. 1989). Because no question exists as to the finality of the district court's decision, the absence of a separate judgment entry does not prohibit appellate review. See id.

4

court's conclusion that Hunt's appeal to the district court was untimely.

According to Bankruptcy Rule 8002, Hunt had ten days after the dismissal from the bankruptcy court to file his appeal with the district court. Fed. R. Bankr. P. 8002. This court strictly construes the time requirements of Rule 8002. In re Herwit, 970 F.2d 709, 710 (10th Cir. 1992). The bankruptcy court may extend the time for filing a notice of appeal only as permitted by Rule 8002(c).

In this case, the district court correctly held that Hunt's notice of appeal was untimely. Hunt's notice of appeal was due on April 29, 2004, which was ten days after the bankruptcy court denied Hunt's claim. But Hunt did not file his notice of appeal until June 17, 2004, which was fifty-nine days after the bankruptcy court's order disallowing his claim. Moreover, Hunt did not request an extension within the ten-day period. Nor did he request an extension due to excusable neglect. Fed. R. Bankr. P. 8002(c)(2). Further, that Hunt is an incarcerated pro se litigant does not change the result. See Senjury v. Murray, 943 F.2d 36, 37 (10th Cir. 1991) (per curiam).

Because Hunt failed to file a timely notice of appeal from the bankruptcy court, the district court correctly held that it had no jurisdiction over this case.

Accordingly, we AFFIRM the district court's dismissal, DENY the motion

to dismiss filed by Giuliano, and DENY all other pending motions as moot.


                        Entered for the Court


                        Mary Beck Briscoe
                        Circuit Judge