**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 9, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ERNEST WEST,

      Plaintiff-Appellant,

  v.

JOE ORTIZ, Executive Director of the
Colorado Department of Corrections
(C.D.O.C.); FOUR MILE
CORRECTIONAL CENTER-
WARDEN (CARL ZENON);
ARKANSAS VALLEY
CORRECTIONAL
FACILITY-WARDEN (RON
LEYBA); C.C.A. CORRECTIONAL
CORPORATION OF AMERICA;
BENT COUNTY CORRECTIONAL
FACILITY-WARDEN (JIM KEITH),
and JOHN/JANE DOES, 1-X,

      Defendants-Appellees.

No. 06-1192
(No. 05-CV-441-REB-MJW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **O'BRIEN** and **BRORBY**, Circuit Judges, and **BROWN**,[**] District Judge.

This appeal arises out of the district court's dismissal of plaintiff Ernest West's action for failure to exhaust administrative remedies under the Prison Litigation Reform Act of 1995 (PLRA). In its dismissal order, the district court relied on two Tenth Circuit cases, *Ross v. County of Bernalillo*, 365 F.3d 1181 (10th Cir. 2004), and *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204 (10th Cir. 2003), that construed the PLRA's exhaustion provision, 42 U.S.C. § 1997e(a). But the recent, intervening Supreme Court decision in *Jones v. Bock*, 127 S. Ct. 910 (2007), abrogates *Ross* and *Steele*. Therefore, after first establishing that we have jurisdiction under 28 U.S.C. § 1291, we reverse the district court's dismissal order and remand for further proceedings on the exhaustion issue. We also affirm two district-court orders denying Mr. West's motions for appointment of counsel and do not reach the court's denial of his motion for relief from judgment under Fed. R. Civ. P. 60(b).

I.

The procedural history of this case bears heavily on our jurisdictional analysis, so we set it forth in some detail. Mr. West, an African-American, filed

---

[**]    The Honorable Wesley E. Brown, Senior District Judge, District of Kansas, sitting by designation.

his original complaint pro se, asserting a claim against all defendants under 42 U.S.C. § 1983. He alleged that while he was a Colorado state prisoner, defendants failed to protect him from racially motivated assaults by other inmates at several detention facilities. The certificate of mailing in the original complaint is dated March 2, 2005, but does not refer to mailing through a prison mail system. *See* R., Doc. 3, unnumbered last page. The district court received the complaint on March 3 and filed it on March 10, 2005. *See id.* at 1.

Mr. West later obtained counsel, who filed three amended complaints, adding a negligence claim against the CCA defendants.[1] After counsel filed the third amended complaint in August 2005, in which he specifically alleged that Mr. West was released on March 2, 2005, *see id.*, Doc. 20 at 3, ¶ 11, each set of defendants filed a motion to dismiss on various grounds, including failure to exhaust administrative remedies. In response, Mr. West's counsel argued that exhaustion did not apply because Mr. West was not incarcerated when the third amended complaint was filed, and had not been incarcerated "since March of 2005." *See id.*, Doc. 43 at 6. On February 14, 2006, after briefing on the motion to dismiss was complete, Mr. West's counsel moved to withdraw, asserting that

---

[1] We will refer to defendants Correctional Corporation of America and Jim Keith as the "CCA defendants" and to defendants Joe Ortiz, Carl Zenon, and Ron Leyba, Colorado Department of Corrections (CDOC) personnel, as the "CDOC defendants."

the attorney-client privilege prohibited him from revealing the reasons for his motion. The court granted the motion the next day.

On March 22, 2006, the district court entered an order dismissing Mr. West's § 1983 claim without prejudice for failure to exhaust administrative remedies under the PLRA and declining to exercise supplemental jurisdiction over his negligence claim. *See id.*, Doc. 59 at 5-6. The court characterized the evidence before it as indicating that he was not released on parole until May 2, 2005, some two months after his original complaint was filed, and concluded that because he was incarcerated at the time of filing, the PLRA exhaustion requirement, 42 U.S.C. § 1997e(a),[2] applied under *Norton v. City of Marietta*, 432 F.3d 1145, 1150 (10th Cir. 2005). The court then found that Mr. West had exhausted his administrative remedies as to only one of his § 1983 claims.[3] In making this finding, the court placed the burden of proving exhaustion on Mr. West pursuant to the now-abrogated rule in *Steele v. Federal Bureau of Prisons* that a prisoner must affirmatively plead exhaustion and attach to his complaint copies of relevant administrative dispositions of his grievances or "in

---

[2]     Section 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

[3]     Although the third amended complaint contained only one § 1983 claim, the district court apparently considered each underlying incident to be a separate § 1983 claim for purposes of the *Ross* analysis. We agree with that interpretation.

the absence of written documentation, describe with specificity the administrative proceeding and its outcome," 355 F.3d at 1210 (quotation omitted). The court then held that the presence of a single exhausted claim did not "save his complaint from dismissal," R., Doc. 59 at 5, under the now-abrogated rule in *Ross* that a district court faced with a complaint containing both exhausted and unexhausted claims "ordinarily must dismiss the entire action without prejudice," *Ross*, 365 F.3d at 1190. The court did not enter judgment on a separate document pursuant to Fed. R. Civ. P. 58.

On April 27, 2006, Mr. West, now pro se, filed a letter in the district court in which he stated that he wanted to appeal if in fact his case had been dismissed, a fact of which he was uncertain apparently because copies of the dismissal order addressed to him had been returned to the court as undeliverable. *See* R., Doc. 64 at 1, 4. He also mentioned that he had been released from prison on March 2, 2005. *See id.* at 2. The court treated the letter as both a notice of appeal and a Rule 60(b) motion. Acknowledging that the factual underpinning of its dismissal may have been erroneous, the court purported to grant the Rule 60(b) motion and ordered Mr. West to submit competent evidence that he was not incarcerated on the date he commenced his action. *Id.*, Doc. 69 at 2.

On May 22, Mr. West filed a motion in the district court to proceed IFP on appeal, which was denied. *See id.*, Docs. 76, 77. He also filed a motion for

appointment of counsel. *See id.*, Doc. 75. Although the motion did not specify whether Mr. West sought assistance of counsel for his Rule 60(b) motion in the district court or for his appeal, a magistrate judge treated the motion as one for appellate counsel and denied it on June 8 on the ground that it was more appropriately made to this court. *Id.*, Doc. 80.

On June 14, Mr. West filed a motion entitled "Motion for [sic] Re-open case at entry level at District Court." *Id.*, Doc. 81 at 1. Appended to the motion is what appears to be a certified copy of his official time computation report from the CDOC. *Id.* at 3-5. The report appears to show that he was released on March 2, 2005, but also indicates that his parole was revoked on March 2, 2005. *Id.* at 4.

By order dated June 16, the district court treated the motion as one to withdraw the appeal and denied it, directing Mr. West to this court if he wanted to withdraw the appeal. *Id.*, Doc. 82 at 1. Mr. West has not moved in this court to withdraw the appeal. The court also treated the motion as one to appoint counsel for purposes of the Rule 60(b) motion and denied it on the ground that Mr. West did not need assistance of counsel to provide factual evidence concerning the date of his release. *Id.* at 1-2. The court advised him to review its previous orders about providing evidence concerning the date of his release. *Id.* at 2.

On June 30, Mr. West filed this court's pre-printed and combined motion to proceed IFP/opening brief on appeal in which he stated that based on the facts before it, the district court had no choice but to dismiss the case without prejudice, and that the court had not applied the wrong law. *See* Aplt. Opening Br. at 3. He also stated that he was required to exhaust his administrative remedies but thought that he had. *Id.* at 4. He did, however, argue that the district court had erred in denying his May 22 motion for appointment of counsel, *id.* at 3, but he did not file a formal notice of appeal as to that denial.

On August 4, the district court denied Mr. West's Rule 60(b) motion, stating that "plaintiff has failed to make the requisite showing [that he was not incarcerated as of the date this lawsuit was filed] within the time permitted by the court." CDOC defendants' Resp. Br., Attach. A at 2 (copy of district court order, Doc. 86).

On August 8 and August 14, the two sets of defendants filed their appellate response briefs, addressing only the issue of appointment of counsel. The CDOC defendants also questioned this court's jurisdiction over that issue. On August 18, Mr. West filed what amounts to his appellate reply brief, stating, among other things, that he had been released on March 2, 2005, and that in mid-June 2006 he had submitted to the district court the information proving that fact, as the court had requested. Aplt. Reply Br. at 1-3. Apparently in the

alternative, he also discussed his efforts to exhaust and alleged that defendants did not respond to all of his grievances. *See id.* at 4. He did not file a formal notice of appeal from the denial of his Rule 60(b) motion.

We ordered each set of defendants to file a supplemental brief on two issues: (1) whether Mr. West's reply brief may be construed as the functional equivalent of a notice of appeal from the district court's order denying his Rule 60(b) motion and (2) the merits of that denial. The defendants have filed their supplemental briefs, and Mr. West has had the opportunity to reply. We now turn to our analysis.

## II.

Because Mr. West appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991). As we explain, we have jurisdiction over Mr. West's appeal from the order dismissing his § 1983 claim, the orders denying his motions for appointment of counsel, and the order denying his Rule 60(b) motion. We reverse the dismissal order, affirm the orders denying appointment of counsel, do not reach the merits of the Rule 60(b) issue, and remand for further proceedings.

A. Appellate Jurisdiction.

"Rule 3 of the Federal Rules of Appellate Procedure conditions federal appellate jurisdiction on the filing of a timely notice of appeal." *Smith v. Barry*, 502 U.S. 244, 245 (1992). The only document Mr. West filed that the district court treated as a notice of appeal was his letter of April 27, 2006, which discussed his wish to file an appeal if in fact his case had been dismissed. The CCA defendants contend that the notice was untimely. We disagree. But before considering timeliness, we first must determine whether the dismissal order was final for purposes of our jurisdiction under 28 U.S.C. § 1291.

Whether the dismissal order was final for purposes of § 1291 depends on whether the order terminated "all matters as to all parties and causes of action." *Utah v. Norton*, 396 F.3d 1281, 1286 (10th Cir. 2005) (quotations omitted). To make this determination, we look at the substance of the district court's dismissal order. *See Albright v. UNUM Life Ins. Co. of Am.*, 59 F.3d 1089, 1092 (10th Cir. 1995). Although purporting to dismiss Mr. West's § 1983 *claims* for failure to exhaust administrative remedies, *see* R., Doc. 59 at 6, the court specifically stated that it was compelled to follow the prescription in *Ross* that a "'district court ordinarily must dismiss the *entire action* without prejudice'" when a prisoner complaint contains both exhausted and unexhausted claims. *Id.* at 5 (emphasis added) (quoting *Ross*, 365 F.3d at 1190). Furthermore, the court

-9-

declined to exercise supplemental jurisdiction over the negligence claim, dismissing it without prejudice, and it construed Mr. West's April 27 letter in part as a notice of appeal from the dismissal order. We therefore conclude that the court's dismissal order was a final order appealable under § 1291.

As to timeliness, the general rule is that a notice of appeal in a civil case "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). However, subject to certain exceptions not relevant to the dismissal order, Fed. R. Civ. P. 58(a)(1) requires that "[e]very judgment and amended judgment must be set forth on a separate document." The district court did not set forth a judgment on a separate document, and the dismissal order itself could not be considered the separate document that triggers the running of the appellate filing period because it was six pages long and contained detailed legal analysis and reasoning, *see Deboard v. Sunshine Mining & Ref. Co.*, 208 F.3d 1228, 1236-37 (10th Cir. 2000). "[W]here no separate judgment is entered within 150 days, judgment is deemed entered when 150 days have run from entry [of an order] in the civil docket [under Fed. R. Civ. P. 79(a)]." *Funk v. LFLM Defendants*, 382 F.3d 1058, 1064 (10th Cir. 2004). Thus, the 30-day period for filing the notice of appeal does not

begin to run until judgment is deemed entered.  *See* Fed. R. App. P. 4(a)(7)(A).[4]

However, a district court's "failure to set forth a judgment or order on a separate

document when required by Federal Rule of Civil Procedure 58(a)(1) does not

affect the validity of an appeal from that judgment or order."  Fed. R. App.

P. 4(a)(7)(B).  Therefore, after the dismissal order was entered on the civil

docket, Mr. West was free to file a notice of appeal without waiting for either the

entry of judgment on a separate document pursuant to Fed. R. Civ. P. 58 or the

running of the 150-day period.  *See Utah v. Norton*, 396 F.3d at 1287 (explaining

that Fed. R. App. P. 4(a)(7)(B) permits an appellant to appeal from a final

judgment not set forth on a separate document prior to the running of the 150-day

---

[4]      Federal Rule of Appellate Procedure 4(a)(7)(A) provides:

A judgment or order is entered for purposes of this Rule 4(a):

  (i) if Federal Rule of Civil Procedure 58(a)(1) does
not require a separate document, when the judgment or
order is entered in the civil docket under Federal Rule of
Civil Procedure 79(a); or

  (ii) if Federal Rule of Civil Procedure 58(a)(1)
requires a separate document, when the judgment or
order is entered in the civil docket under Federal Rule of
Civil Procedure 79(a) and when the earlier of these
events occurs:
      • the judgment or order is set forth on a separate
      document, or
      • 150 days have run from entry of the judgment or
      order in the civil docket under Federal Rule of
      Civil Procedure 79(a).

limit of Fed. R. App. P. 4(a)(7)(A)(ii)).  Mr. West filed his notice of appeal on April 27, long before the 150-day period ran.  Accordingly, the 30-day period of limitations of Fed. R. App. P. 4(a)(1)(A) was never triggered, and the notice of appeal was timely.

The April 27 notice of appeal confers appellate jurisdiction over the dismissal order and any prior interlocutory orders.  *See Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1383 n.7 (10th Cir. 1994) ("a notice of appeal that names the final judgment is sufficient to support review of all earlier orders that merge in the final judgment") (quotation omitted).  To confer appellate jurisdiction over the post-dismissal orders denying his motions to appoint counsel or his Rule 60(b) motion, therefore, Mr. West should have filed an additional or amended notice of appeal from those orders at the appropriate time.  *See* Fed. R. App. P. 4(a)(4)(B)(ii); *E.E.O.C. v. Wal-Mart Stores, Inc.*, 187 F.3d 1241, 1250 (10th Cir. 1999) (dismissing appeal from order denying motion for attorney's fees issued after notice of appeal was filed for lack of separate notice of appeal); *Stouffer v. Reynolds*, 168 F.3d 1155, 1172 (10th Cir. 1999) (dismissing appeal from denial of Rule 60(b) motion because appellant failed to file separate notice of appeal).  He did not.  This failure, however, is not dispositive.  "If a document filed within the time specified by [appellate] Rule 4 gives the notice required by [appellate] Rule 3, it is effective as a notice of appeal."  *Smith*, 502 U.S. at

248-49. An appellate brief that meets these requirements will suffice as a notice of appeal. *Id.* at 249.

We conclude that Mr. West's reply brief may be construed as a notice of appeal from the order denying his Rule 60(b) motion. It was filed less than thirty days after entry of the order, which satisfies Fed. R. App. P. 4(a)(4)(B)(ii), and provides the notice required by Fed. R. App. P. 3, in particular by designating the order appealed from. Both sets of defendants agree with this conclusion. We further conclude that treated as a notice of appeal, the reply brief encompasses the district court's post-dismissal orders denying his motions for counsel. Those orders, filed June 8 and June 16, were nonfinal and not immediately appealable absent certification under 28 U.S.C. § 1292(b). *See Cotner v. Mason*, 657 F.2d 1390, 1391-92 (10th Cir. 1981) (per curiam). The only other way for Mr. West to appeal from them, therefore, was by appealing from the denial of the Rule 60(b) motion, which was a final, appealable order into which the orders denying appointment of counsel were merged. *Cf. Cole*, 43 F.3d at 1383 n.7.[5]

---

[5] We pause to note that, "[a]lthough filing notice of appeal generally divests the district court of jurisdiction over the issues on appeal, the district court retains jurisdiction over collateral matters not involved in the appeal." *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998) (citation and quotation omitted). Mr. West's motions for appointment of counsel concerned a collateral matter, so the district court's consideration of them was proper. We also note that a notice of appeal does not divest a district court of jurisdiction to consider a Rule 60(b) motion, although it prevents a district court from granting
(continued...)

B. Merits of Mr. West's appeal.

Having established our jurisdiction, we now may turn to the merits of this appeal. As we have noted above, the Supreme Court recently abrogated two Tenth Circuit cases on which the district court relied in dismissing Mr. West's § 1983 claim for failure to completely exhaust administrative remedies. In *Jones v. Bock*, the Court abrogated *Steele* by holding "that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." 127 S. Ct. at 921. The Court also held that a complete-exhaustion rule, such as we adopted in *Ross*, was an unwarranted departure from the general rule that "if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad. Only the bad claims are dismissed; the complaint as a whole is not." *Id.* at 924 (quotation and brackets omitted).

Mr. West did not take issue with the dismissal of his action until his reply brief. Generally, we do not consider an issue that is raised for the first time in a

---

[5](...continued)
such a motion unless it notifies this court of its intention to grant the motion upon proper remand. *See Allison v. Bank One-Denver*, 289 F.3d 1223, 1243 (10th Cir. 2002); *Aldrich Enters., Inc. v. United States*, 938 F.2d 1134, 1143 (10th Cir. 1991). It was proper, therefore, for the district court to consider and deny Mr. West's Rule 60(b) motion without notifying this court. The district court's order purporting to grant the motion did not afford relief from judgment; it merely permitted Mr. West to file additional evidence for the court's consideration, and so was consistent with the rule stated in *Allison* and *Aldrich Enterprises*.

reply brief because it deprives the appellee of a chance to respond, which increases the opportunity for the court to make an improvident or ill-advised decision. *See Headrick v. Rockwell Int'l Corp.*, 24 F.3d 1272, 1277-78 (10th Cir. 1994). But in view of the Supreme Court's intervening decision in *Jones*, as well as the suggestion of the CDOC defendants that we remand because of *Jones*, we will make an exception to our waiver rule and consider the propriety of the district court's dismissal order. Doing so does not defeat the purpose of the rule because both sets of appellees have had the opportunity to respond concerning Mr. West's incarceration status and our course is clear under *Jones*. We therefore hold that the district court's allocation of the burden to Mr. West to prove exhaustion under *Steele*, as well as the court's dismissal of both exhausted and unexhausted claims pursuant to *Ross*, are erroneous under *Jones*. On remand, the district court should consider the exhaustion issue in light of *Jones*.

Based on the foregoing conclusion, we need not decide whether the district court abused its discretion in denying Mr. West's Rule 60(b) motion, although it appears the district court may have overlooked the CDOC time computation report he submitted in support of that motion. Instead, we leave to the district court to determine in the first instance the applicability of the PLRA's exhaustion requirement because that determination requires the resolution of fact questions concerning Mr. West's precise incarceration status when he mailed or filed the

original complaint. *See Norton*, 432 F.3d at 1150 (PLRA's exhaustion requirement inapplicable if plaintiff was not confined in a jail, prison, or other correctional facility when he brought suit). The district court also should consider giving leave to the parties to file additional briefs concerning whether Mr. West was on parole when he filed this action and whether such status subjects him to the PLRA's exhaustion requirement, as the CDOC defendants have argued in their supplemental appellate brief.[6]

As to the orders denying Mr. West's motions for appointment of counsel, we review for abuse of discretion. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). To the extent Mr. West sought appellate counsel, the magistrate judge correctly determined that a motion to this court was more appropriate. R., Doc. 80.[7] To the extent Mr. West sought counsel for purposes of his Rule 60(b) motion, the district court properly ruled he did not require assistance of counsel in order to provide factual information relevant to his incarceration status when he commenced this action. *Id.*, Doc. 82 at 1-2. Accordingly, we conclude that the district court did not abuse its discretion in denying the motions.

---

[6]     Although the CDOC defendants urge us to affirm on alternate grounds of sovereign immunity and lack of personal participation, we decline to do so.

[7]     Mr. West did file a motion to appoint counsel with this court, which was denied.

III.

We REVERSE the district court's dismissal order and REMAND for further proceedings in accordance with *Jones v. Bock*, 127 S. Ct. 910 (2007), and this order and judgment. We AFFIRM the district court's orders denying Mr. West's motions for appointment of counsel. Because we have treated Mr. West's reply brief, filed August 18, 2006, as the functional equivalent of a notice of appeal from the district court's order denying relief under Fed. R. Civ. P. 60(b), the clerk of this court is directed to send a copy of the reply brief to the clerk of the district court pursuant to Fed. R. App. P. 4(d). Mr. West's motion to proceed IFP is granted, and we remind him of his obligation to continue making partial payments until his appellate filing fee is paid in full.

Entered for the Court

Wade Brorby
Circuit Judge