**STEVE D. THOMPSON TRUCKING, INC., Plaintiff-Appellant,**

v.

**TWIN CITY FIRE INSURANCE COMPANY, Defendant-Appellee.**

No. 87–3114

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 27, 1987.

Jarrell E. Godfrey, E. Howell Crosby, Christian T. Brown, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, La., for plaintiff-appellant.

John P. Napolitano, Jr., Peter S. Koeppel, Laurence E. Best, Abbott, Webb, Best & Meeks, New Orleans, La., for defendant-appellee.

Before CLARK, Chief Judge, WILLIAMS and DAVIS, Circuit Judges.

PER CURIAM:

## I.

Appellant Steve D. Thompson Trucking, Inc. ("Thompson Trucking") purchased a primary liability insurance policy from Northwest Insurance Company for coverage from May 1, 1982 to May 1, 1983. Thompson Trucking also purchased an umbrella liability policy from appellee Twin City Fire Insurance Company ("Twin City") that provided excess coverage for the same period.

Section one of Twin City's policy, entitled "Coverage" provides that:

> The company will indemnify the insured for ultimate net loss in excess of the underlying limit or the self-insured retention [$10,000], whichever is greater, because of
>
> (a) bodily injury,
>
> (b) personal injury,
>
> (c) property damage, or
>
> (d) advertising injury
>
> to which this insurance applies, caused by an occurrence which takes place anywhere in the world.

Section five of the policy defines underlying limit.

"[U]nderlying limit" means with respect to each occurrence to which this policy applies the amounts of the applicable limits of liability of the underlying insurance as stated in the Schedule of Underlying Insurance Policies less the amount, if any, by which any aggregate limit of such insurance has been reduced by payment of loss. The limits of liability of any underlying insurance policy shall be deemed applicable regardless of any defense which the underlying insurer may assert because of the insured's failure to comply with any condition of the policy;

Another section of the policy labeled "Conditions" contains a clause with the heading "Other Insurance." This clause states that:

The insurance afforded by this policy shall be excess insurance over any other valid and collectible insurance ... available to the insured, whether or not described in the Schedule of Underlying Insurance Policies, and applicable to any party of ultimate net loss, whether such other insurance is stated to be primary, contributing, excess or contingent....

During the period when both policies were in effect, six personal injury lawsuits were filed against Thompson Trucking. Northwest undertook the defense of these suits but terminated its defense when Northwest became insolvent. Thompson Trucking then unsuccessfully requested Twin City to indemnify and defend. After Twin City's refusal, Thompson Trucking filed suit in federal district court seeking recovery of costs and indemnification from Twin City.

## II.

The district court granted Twin City's motion for summary judgment, concluding that the Twin City policy did not cover Thompson Trucking's claims.

## III.

On appeal, Thompson Trucking contends that the district court misinterpreted the policy. Thompson Trucking argues that when the primary insurer, Northwest, became insolvent, the Twin City policy "dropped down" to cover the claims.

## IV.

Louisiana law governs the interpretation of the insurance policy issued to Thompson Trucking by Twin City. Under Louisiana law the prime consideration in interpreting insurance contracts is to ascertain the true intention of the parties from the language of the policy as a whole. *Harvey v. Mr. Lynn's, Inc.*, 416 So.2d 960 (La.App.2d Cir. 1982). Louisiana courts construe the language and provisions of an insurance contract in their general and popular meaning. *Nida v. State Farm Fire and Casualty Co.*, 454 So.2d 328 (La.App.3rd Cir.1984). In addition, absent a conflict with law or public policy, insurers are entitled to limit their liability and obligations in a given policy. *Fruge v. First Continental Life and Accident Ins. Co.*, 430 So.2d 1072 (La. App.4th Cir.1983).

In general, an excess insurance policy provides coverage that begins only after a predetermined amount of primary coverage is exhausted. This underlying coverage reduces the risk that an excess insurer will have to pay for losses incurred by the insured. This reduced risk to the insurer translates into a reduced premium to the insured.

Louisiana courts have not required excess insurers in general, and policies like Twin City in particular, to provide "drop down" primary coverage. In *Radar v. Duke Transp., Inc.*, 492 So.2d 532 (La. App.3rd Cir.1986), a Louisiana court held that an excess insurer was not obligated to fill the coverage void created when the primary insurer became insolvent. The court interpreted an excess policy containing a separate "other insurance" clause similar to the one in Twin City's policy. This clause provided that if other valid and collectible insurance covered a loss then that insurance will first be applied to cover the insured's loss before the excess insurer was obligated to pay. The court concluded that this clause's statement regarding other "valid and collectible" insurance did not imply that the scheduled underlying insur-

ance could only be part of the underlying limit if it was valid and collectible. In short, although any unscheduled insurance must be valid and collectible before it would be applied to cover a loss, the minimum coverage condition of the excess policy is not eliminated if the scheduled underlying insurance becomes invalid or less collectible.

In two cases, this court has concluded that Louisiana insurance policies similar to the one issued by Twin City to Thompson Trucking, did not obligate the excess insurer to provide primary coverage when the underlying insurer became insolvent. In *Continental Marble and Granite v. Canal Ins. Co.*, 785 F.2d 1258 (5th Cir.1986), the court held that the insolvency of the primary insurer did not render the primary coverage "inapplicable" to the underlying limit and thereby require the excess insurer to provide primary coverage. In *Mission National Insurance Company v. Duke Transportation Company, Inc.*, 792 F.2d 550, 553 (5th Cir.1986), this court held that a policy reference to "other valid and collectible insurance" did not imply that all insurance which would limit the excess insurer's liability must be collectible.

Thompson Trucking contends that the "other insurance" clause contained in the Twin City policy imposes on Twin City an obligation to provide coverage below the underlying limit when the underlying coverage becomes uncollectible. Thompson Trucking would have this clause mean that in the event that the underlying insurance becomes *un*collectible then the excess insurer becomes an insurer for the entire amount of liability. Such a construction would make a new and different policy contract between the parties.

This court has articulated important reasons for maintaining a distinction between primary and excess insurance policies. The excess insurer's risk of loss is based on the assumption that a predetermined amount of primary coverage will be exhausted before the excess insurer must pay. Imposing primary coverage on the excess insurer would "transmogrify the excess policy into one guaranteeing the solvency of whatever primary insurer the insured might choose." *Continental Marble and Granite v. Canal Ins. Co.*, supra. Excess insurers are not required to scrutinize primary insurers financial stability before issuing policies or to guarantee that the insured's choice of primary carriers will always be sound.

Thompson Trucking bargained for and purchased a primary insurance policy from Northwest, and an excess insurance policy from Twin City. The coverage section of the Twin City policy clearly delineates Twin City's obligations. That section states that the company will indemnify for loss "in excess of the underlying limit...." The "definitions" section of the policy defines "underlying limit" as the "limits of the underlying insurance as stated in the Schedule of Underlying Insurance Policies." The Twin City policy was clearly intended to provide coverage over and above the coverage provided by the primary insurer. The "other insurance" in the separate "conditions" section providing that the excess coverage is "over any other valid and collectible insurance" does not require or imply that the listed primary insurance of Northwest must be collectible to be counted as part of the underlying limit.

Thompson Trucking's reliance on *Poirrier v. Cajun Insulation, Inc.*, 501 So.2d 800 (La.App.4th Cir.1986) is misplaced. *Poirrier* the insurance policy defined the underlying policy's coverage as the insurance listed plus "any other underlying insurance collectible." The court concluded that this clause implied that the listed insurance as well as additional insurance must be "collectible" in order for it to be considered a part of the underlying limit. The "valid and collectible" phrase in the Twin City policy, however, appears in a separate section of the policy.

■ Thompson Trucking also contends that Twin City was obligated to defend the lawsuit. The policy only imposes an obligation on Twin City to defend claims against Thompson Trucking when the policy applies. The policy does not apply to the six claims against Thompson Trucking

**312**

and therefore Twin City has no obligation to defend.

The district court's summary judgment is AFFIRMED.