**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 28 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re: GERALD WEDEL; LETHA
WEDEL,

      Debtors,

_____

GERALD WEDEL; LETHA WEDEL,

      Appellants,

v.

CASE CREDIT CORPORATION,

      Appellee.

No. 03-3242
(BAP No. KS-03-050)
(BAP)

---

**ORDER AND JUDGMENT** [*]

---

Before **EBEL**, **BALDOCK**, and **LUCERO**, Circuit Judges.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellants seek review of an order of the Bankruptcy Appellate Panel (BAP) dismissing their appeal from an order granting appellee's motion to modify the automatic stay. The BAP dismissed appellants' appeal for lack of jurisdiction because it was untimely filed. We have jurisdiction, and we affirm.

We review de novo the question of whether the BAP properly dismissed appellants' appeal as untimely. *Mason v. Young (In re Young)*, 237 F.3d 1168, 1172 (10th Cir. 2001). The notice of appeal from a bankruptcy court order must be filed with the clerk of the bankruptcy court "within 10 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a). The bankruptcy court's order modifying the stay was entered on April 16, 2003, but the notice of appeal was not filed until June 13, 2003. The requirement of timely filing of a notice of appeal is mandatory, and the failure to do so deprives an appellate court of jurisdiction. *See Deyhimy v. Rupp (In re Herwit)*, 970 F.2d 709, 710 (10th Cir. 1992).

Before the BAP, appellants argued that they had not received notice of the order modifying the stay. The bankruptcy court's docket report, however, reflects

-2-

that they were properly served with a copy of the order by first class mail.

Aplee's Supp. App. at 89.  Their attorney was also served.  *Id.*

On appeal, appellants have focused on the merits of their challenge to the BAP's order modifying the stay.  They also reiterate briefly, and without support, that they were not notified by either the court or their attorney until after the appeal deadline.  However, even lack of notice of the entry of an order does not excuse the "failure to appeal within the time allowed . . . ."  Fed. R. Bankr. P. 9022(a).  We therefore conclude that the BAP correctly dismissed appellant's appeal for lack of jurisdiction.

AFFIRMED.  The mandate shall issue forthwith.


Entered for the Court


David M. Ebel
Circuit Judge

-3-