**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 14, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GILBERT DE WAYNE DAVIS,

Petitioner-Appellant,

v.

CITIFINANCIAL AUTO
CORPORATION, formerly known as
Arcadia Financial Ltd.; CHASE
HOME FINANCE LLC,

Respondents-Appellees.

No. 05-1522
(D.C. No. 05-CV-1867-WYD-BNB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

Petitioner Gilbert De Wayne Davis appeals from an order of the district

court dismissing his petition for mandamus and/or prohibition and denying his

motion for a temporary restraining order. We affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

Background

Mr. Davis commenced his suit in district court on September 26, 2005 by filing a petition captioned "28 U.S.C. § 1361, Fed. R. Civ. P. Rule 81 Petition for a Writ of Mandamus or Prohibition Directed to the United States Bankruptcy Court for the District of Colorado." R., Doc. 1 at 1. The petition alleged that on June 2, 2005, Mr. Davis sought relief under Chapter 7 of the Bankruptcy Code. On July 14, 2005, the bankruptcy judge entered an order granting respondent Chase Home Finance LLC's motion for relief from the automatic stay. Then on August 24, 2005, the bankruptcy judge entered an order granting respondent Citifinancial Auto Corporation's motion for relief from the automatic stay. Mr. Davis' district court petition sought an order vacating both of the orders for relief from the automatic stay, and his motion for a temporary restraining order (filed contemporaneously) sought an order enjoining enforcement of those orders.

The district court referred the matter to a magistrate judge, who recommended that the motion for a temporary restraining order be denied, and that the petition be dismissed for lack of subject matter jurisdiction. After receiving Mr. Davis' objection, the district court reviewed the matter de novo, accepted the recommendation, entered an order denying the motion for a temporary restraining order, and dismissed the petition for lack of subject matter jurisdiction. This appeal followed.

Discussion

"We review the district court's dismissal for lack of subject matter jurisdiction *de novo*." *U.S. West, Inc. v. Tristani*, 182 F.3d 1202, 1206 (10th Cir. 1999).

The record reveals that Mr. Davis filed an appeal from the bankruptcy judge's July 14, 2005 order with the Bankruptcy Appellate Panel (BAP) on August 9, 2005. On August 24, 2005, BAP dismissed the appeal as untimely. Any appeal of BAP's decision denying the appeal as untimely belonged in this court – not the district court. 28 U.S.C. § 158(c)(2). Therefore, to the extent that Mr. Davis' petition is an attempted appeal from the bankruptcy judge's July 14 order, the district court lacked jurisdiction.

As to the August 24, 2005 order of the bankruptcy judge, Mr. Davis never appealed that order. While such an appeal may lie in the district court, any such notice of appeal must be filed within ten days of the entry of the judgment, order, or decree appealed. Fed. R. Bankr. P. 8002(a). Even if Mr. Davis' September 25, 2005 petition is construed as a notice of appeal, it was untimely. Again, to the extent that Mr. Davis' petition is an attempted appeal of the bankruptcy judge's August 24 order, the district court lacked jurisdiction.

Alternatively, construing Mr. Davis' petition as seeking the extraordinary relief of mandamus and/or prohibition, it was also properly dismissed. Our consideration of this claim begins and ends with the proposition that "the party

-3-

seeking issuance of the writ must have no other adequate means to attain the relief he desires." *Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.)*, 911 F.2d 380, 386 (10th Cir. 1990) (quotation omitted).  The remedy of appeal was available to Mr. Davis, and therefore, the district court correctly found that a writ was inappropriate.

For the reasons stated in the magistrate judge's recommendation and the district court's order, the judgment is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge