**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 20, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

In re: RODGER KOLYN LATTURE,

      Debtor.

_____

TRACY EMANN,

      Plaintiff-Counter-Defendant-
      Appellee,

v.

RODGER KOLYN LATTURE,

      Defendant-Counter-Claimant-
      Appellant.

No. 09-6016

---

**APPEAL FROM THE UNITED STATES BANKRUPTCY**
**APPELLATE PANEL FOR THE TENTH CIRCUIT**
**(B.A.P. No. WO-08-096)**

---

Submitted on the briefs:[*]

Sam George Caporal and Mark W. Hayes, Oklahoma City, Oklahoma, for Defendant-Counter-Claimant-Appellant.

Tom M. Cummings, Oklahoma City, Oklahoma, for Plaintiff-Counter-Defendant-Appellee.

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

Before **BRISCOE**, Chief Judge, **BALDOCK** and **GORSUCH**, Circuit Judges.

**BALDOCK**, Circuit Judge.

Plaintiff-Appellee Tracy Emann obtained a judgment against Defendant-Appellant Rodger Latture. Latture subsequently filed for bankruptcy. The bankruptcy court granted Emann's motion for summary judgment, finding Emann's claim non-dischargeable. The bankruptcy court entered summary judgment for Emann on November 14, 2008. Latture did not file his notice of appeal with the Bankruptcy Appellate Panel of the Tenth Circuit (B.A.P.) until November 25, 2008—eleven days after the bankruptcy court entered its judgment—making it one day out of time according to Fed. R. Bankr. P. 8002(a) and 9006(a).[1] Relying on In re Herwit, 970 F.2d 709, 710 (10th Cir. 1992), the B.A.P. concluded Latture's failure to file a timely notice of appeal was a jurisdictional defect which bars appellate review and, accordingly, dismissed Latture's appeal.

Like our sister circuits, we have previously declared a "failure to file a timely notice of appeal [is] a jurisdictional defect barring appellate review" of a bankruptcy court's order. In re Herwit, 970 F.2d 709, 710 (10th Cir. 1992); In re Siemon, 421 F.3d 167, 169 (2d Cir. 2005); In re Bond, 254 F.3d 669, 673 (7th Cir. 2001); Preblich

---

[1] In evaluating Latture's arguments, we refer to the 2008 version of the Federal Rules of Bankruptcy Procedure and the Federal Rules of Appellate Procedure.

v. Battley, 181 F.3d 1048, 1057 (9th Cir. 1999); In re Universal Minerals, Inc., 755 F.2d 309, 312 (3d Cir. 1985); In re LBL Sports Ctr., Inc., 684 F.2d 410, 412 (6th Cir. 1982). However, recent Supreme Court decisions in Kontrick v. Ryan, 540 U.S. 443 (2004), Eberhart v. United States, 546 U.S. 12 (2005), Arbaugh v. Y&H Corp., 546 U.S. 500 (2006), Bowles v. Russell, 551 U.S. 205 (2007), Reed Elsevier, Inc. v. Muchnick, 559 U.S. ___, 130 S. Ct. 1237 (2010), as well as our own precedent in United States v. Garduño, 506 F.3d 1287 (10th Cir. 2007), prompt us to reexamine In re Herwit's holding. We acknowledge, as the Supreme Court has as well, that unfortunately jurisdiction "'is a word of many, too many, meanings.'" Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 90 (1998) (quoting United States v. Vanness, 85 F.3d 661, 663 n.2 (D.C. Cir. 1996)). But after careful review, we conclude these cases confirm our holding in In re Herwit—the failure to file a timely notice of appeal from a bankruptcy court's order constitutes a jurisdictional defect. We, consequently, affirm the B.A.P.'s dismissal of Latture's appeal for lack of jurisdiction.

I.

Upon granting Emann's motion for summary judgment, the bankruptcy court entered as docket entry #48:

> Memorandum Of Decision And Order Denying Motion For Summary Judgment (Related Doc # 39) For Defendant Rodger Kolyn Latture, Granting Motion For Summary Judgment (Related Doc # 42) For Plaintiff Tracy Emann Signed by Judge Bohanon cc: Judge, Cummings, Caporal, Matrix service by dcur date: 11/14/2008 (dcur, ca) Date filed

3

corrected by the clerk's office on 11/14/2008 (dcur, ca). (Entered: 11/14/2008).

The Memorandum itself, however, is dated November 13, 2008. The bankruptcy court entered as docket entry #49:

> Judgment for Plaintiff Tracy Emann Against Defendant Rodger Kolyn Latture. BKOB # 08-089 For the reasons stated in the Memorandum of Decision and Order Signed by Judge Bohanon cc: Judge, Matrix service by dcur date: 11/14/2008. (dcur, ca) (Entered: 11/14/2008).

The Judgment itself, however, is dated November 13, 2008. Then, the docket sheet lists as entry #50:

> BNC Certificate of Mailing. (RE: related document(s) 48 Order on Motion For Summary Judgment) No. of Notices: 0. Service Date 11/16/2008. (Admin.) (Entered: 11/17/2008)

And, as entry #51 it lists:

> BNC Certificate of Mailing. (RE: related document(s) 49 Judgment) No. of Notices: 0. Service Date 11/16/2008. (Admin.) (Entered: 11/17/2008).

Fed. R. Bankr. P. 9021 provides "[a] judgment or order is effective when entered under Rule 5003." Rule 5003, in turn, provides the bankruptcy court clerk "shall keep a docket in each case . . . and shall enter thereon each judgment, order, and activity in that case. . . . The entry of a judgment or order in a docket shall show the date the entry is made." Fed. R. Bankr. P. 5003(a). As we have explained on multiple occasions:

> "The signing of the order or judgment by the judge does not constitute an 'entry' by the judge. The entry occurs when it is noted on the docket and thereby becomes public. . . . A document is entered when the clerk

4

makes the notation on the official public record, the docket, of the activity or submission of the particular document."

In re Faragalla v. Access Receivable Mgmt., 422 F.3d 1208, 1210 (10th Cir. 2005) (quoting United States v. Henry Bros. P'ship, 214 B.R. 192, 195 (B.A.P. 8th Cir. 1997)); see also Herrera v. First Nat'l Sav. & Loan Ass'n, 805 F.2d 896, 899 (10th Cir. 1986) (explaining that the date of entry of an order or judgment is the date it is recorded on the docket, not the date the order is "filed" or "dated").  Consequently, the effective judgment in this case was entered as docket entry #49 on November 14, 2008.

At the time this appeal was filed, Rule 8002(a) stated: "The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from."  Rule 9006(a) also stated:

> In computing any period of time prescribed or allowed by these rules or by the Federal Rules of Civil Procedure made applicable by these rules, by the local rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included.  The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday . . . . When the period of time prescribed or allowed is less than 8 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.

As a result, the tenth day and the last day Latture could have timely filed his notice of appeal with the B.A.P. was Monday, November 24, 2008.

II.

Latture offers three challenges to this conclusion.  First, even using November

5

14 as the date the judgment was entered and applying the rules as we have laid them out, he claims he had until November 25 to file his notice of appeal. We fear Latture read Rule 9006(a) improperly. Yes, Rule 9006(a) instructs us to begin counting the ten days on the day after the judgment was entered: November 15. But, we cannot just add ten days to November 15 to reach the final day to file the appeal. Instead, we must look to a 2008 calendar and count ten days, with the first day beginning on November 15 and the last ending on November 24.

### III.

Second, Latture questions whether his failure to timely file an appeal in compliance with Rule 8002(a) deprives the B.A.P. of jurisdiction to hear his appeal. In <u>Kontrick</u>, the Supreme Court unanimously held that Fed. R. Bankr. P. 4004(a), which provides the time limit for filing an objection to a debtor's discharge, and Fed. R. Bankr. P. 9006(b)(3), which provides for the enlargement of the time limit under Rule 4004(a), are not jurisdictional. <u>Kontrick</u>, 540 U.S. at 447, 454–56. The Court explained "[o]nly Congress may determine a lower federal court's subject-matter jurisdiction" but no statute specifies the time limit for filing an objection to a discharge. <u>Id.</u> at 452–54. In authorizing bankruptcy courts to adjudicate certain matters, Congress enacted some statutory provisions containing "built-in time constraints." <u>Id.</u> at 453. "For example, § 157(c)(1) addresses de novo district court review of bankruptcy court findings and conclusions in noncore proceedings; that provision confines review to 'matters to which any party has timely and specifically

6

objected.'" Id. The Court also provided as another example of a statutory timeliness condition the thirty day time limit for filing a notice of appeal in a civil case set forth in 28 U.S.C. § 2107(a) (also found in Fed. R. App. P. 4(a)). Id. at n.8. In contrast, Congress merely instructs that "'objections to discharges' are 'core proceedings' within the jurisdiction of the bankruptcy courts" without any "timeliness condition." Id. (citing 28 U.S.C. § 157(b)(2)(J)). Because the time limits at issue were only found in Rules 4004 and 9006 and "'it is axiomatic' that [federal procedural] rules 'do not create or withdraw federal jurisdiction,'" the Court concluded those time limits are "claim-processing rules that do not delineate what cases bankruptcy courts are competent to adjudicate." Id. at 453–54 (quoting Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 370 (1978)). The time limits in claim-processing rules are subject to forfeiture while time limits in jurisdictional rules may be raised as a defense at any time during litigation. See id. at 456 ("[A] court's subject-matter jurisdiction cannot be expanded to account for the parties' litigation conduct; a claim-processing rule, on the other hand, even if unalterable on a party's application, can nonetheless be forfeited if the party asserting the rule waits too long to raise the point.").

Relying on Kontrick, a unanimous Supreme Court declared in Eberhart that Fed. R. Crim. P. 33, which provides that a motion for new trial for any reason other than newly discovered evidence must be filed within seven days after a verdict, is not jurisdictional, but rather "is a claim-processing rule—one that is admittedly

7

inflexible because of [Fed. R. Crim. P.] 45(b)'s insistent demand for a definite end to proceedings." Eberhart, 546 U.S. at 19. The Court explained that "[i]t is implausible that the Rules considered in Kontrick can be nonjurisdictional claim-processing rules, while virtually identical provisions of the Rules of Criminal Procedure can deprive federal courts of subject-matter jurisdiction." Id. at 16. As a result, Fed. R. Crim. P. 33 and 45 "assure relief to a party properly raising them, but do not compel the same result if the party forfeits them." Id. at 19.

In Arbaugh, the Supreme Court considered "whether the numerical qualification contained in Title VII's definition of 'employer' affects federal-court subject-matter jurisdiction or, instead, delineates a substantive ingredient of a Title VII claim for relief." Arbaugh, 546 U.S. at 503. Ultimately, the Court held Title VII's "numerical threshold does not circumscribe federal-court subject-matter jurisdiction." Id. at 504. The numerical threshold appears in a provision separate from Title VII's jurisdiction provision and "'does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts.'" Id. at 515 (quoting Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 394 (1982)). The Court also crafted a "readily administrable bright line"—"when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." Id. at 516.

Then, a divided Supreme Court in Bowles explained that federal procedural rules created by courts and not derived from Congressionally-enacted statutes are not

8

jurisdictional, but are instead claim-processing rules. Bowles, 551 U.S. at 210–13. Noting that the Court has held for over a hundred years the "taking of an appeal within the prescribed time is 'mandatory and jurisdictional,'" it held that Fed. R. App. P. 4(a)'s thirty-day time limit for filing a notice of appeal in a civil case is a jurisdictional requirement because Congress specifically limited the amount of time within which parties may file a notice of appeal in 28 U.S.C. § 2107. Id. at 209–13.

In light of these cases, in Garduño we considered whether Fed. R. App. P. 4(b)(1)(A) and (b)(4), which provide the time limits for filing a criminal appeal, are jurisdictional or claim-processing rules. Garduño, 506 F.3d at 1288. Unlike the time limits for filing a notice of appeal in a civil case found in Fed. R. App. P. 4(a)(1)(A) and 4(a)(6) that are based upon 28 U.S.C. § 2107, Rules 4(b)(1)(A) and 4(b)(4) do not have statutory grounding. Id. at 1290; see also United States v. Sadler, 480 F.3d 932, 938 n.6 (9th Cir. 2007) ("The only statutory reference to the timing of criminal appeals we uncovered is at 18 U.S.C. § 3732. Entitled 'Taking of appeal; notice; time-(Rule),' the provision lacks any substantive content. It merely directs readers to 'SEE FEDERAL RULES OF CRIMINAL PROCEDURE'. . . . As the historical notes indicate, [Fed. R. Crim. P.] 37 is now at [Fed. R. App. P.] 3 and 4."). We consequently concluded, as many other circuits have, Rules 4(b)(1)(A) and 4(b)(4) are non-jurisdictional claim-processing rules. Garduño, 506 F.3d at 1290; United States v. Lopez, 562 F.3d 1309, 1313 (11th Cir. 2009); United States v. Byfield, 522 F.3d 400, 403 n.2 (D.C. Cir. 2008) (per curiam); United States v. Fias, 521 F.3d 229,

9

233–34 (2d Cir. 2008); Sadler, 480 F.3d at 940; United States v. Martinez, 496 F.3d 387, 388–89 (5th Cir. 2007).

Recently, the Supreme Court again waded into the murky waters of jurisdiction. In Reed Elsevier, the Court determined the Copyright Act's registration requirement in 17 U.S.C. § 411(a) "is a precondition to filing a claim that does not restrict a federal court's subject matter jurisdiction." Reed Elsevier, 130 S. Ct. at 1241. The Court stated "[a] statutory condition that requires a party to take some action before filing a lawsuit is not automatically 'a *jurisdictional* prerequisite to suit.'" Id. at 1246 (quoting Zipes, 455 U.S. at 393). A court's jurisdictional analysis must instead focus on the "'legal character' of the requirement," which it may discern from considering the "condition's text, context, and relevant historical treatment." Id. Moreover, Reed Elsevier specifically clarified that Bowles did not "hold that all statutory conditions imposing a time limit should be considered jurisdictional." Id. at 1249. On the contrary, "Bowles stands for the proposition that context, including this Court's interpretation of similar provisions in many years past, is relevant to whether a statute ranks a requirement as jurisdictional." Id. at 1247–48.

Applying Bowles, the Court stated "the relevant question here is not . . . whether § 411(a) itself has long been labeled jurisdictional, but whether the type of limitation that § 411(a) imposes is one that is properly ranked as jurisdictional absent an express designation." Id. at 1248. The statutory limit considered in Bowles was

10

of a type (deadlines for filing appeals) that the Court "had long held *did* 'speak in jurisdictional terms' even absent a 'jurisdictional' label" with nothing about Section 2107's text, context, or "the historical treatment of that type of limitation" justifying a departure from this view. Id. In contrast, Section 411(a) does not clearly state its registration requirement is jurisdictional. Id. at 1245. In fact, Section 411(a)'s language "says nothing about whether a federal court has subject-matter jurisdiction to adjudicate claims for infringement of unregistered works." Id. The Court further explained that "§ 411(a)'s registration requirement, like Title VII's numerosity requirement [considered in Arbaugh], is located in a provision 'separate' from those granting federal courts subject-matter jurisdiction over those respective claims." Id. at 1245–46. And, though some courts had historically treated Section 411(a) as jurisdictional, these other factors demonstrate that its registration requirement is nonjurisdictional. Id. at 1248.

Only three courts to our knowledge have explicitly discussed the implications of Kontrick and its progeny to the enforcement of Fed. R. Bankr. P. 8002(a)'s time limit for filing an appeal.[2] The Third Circuit in In re Taylor, 343 Fed. App'x 753,

---

[2] Since Kontrick, we acknowledge our court as recently as 2009 has applied Rule 8002(a)'s time limit for filing an appeal as a jurisdictional rule but without explicitly considering or mentioning the implication of Kontrick, Eberhart, or Bowles. See Satterfield v. Malloy, 337 Fed. App'x 739, 741 (10th Cir. 2009) (affirming the B.A.P.'s dismissal of appellant's appeal because his untimely appeal caused a jurisdictional defect, citing In re Herwit); Davis v. Citifinancial Auto Corp., 193 Fed. App'x 736, 738 (10th Cir. 2006) (explaining that the appellant's attempted
(continued...)

11

755 (3d Cir. 2009), reevaluated its longstanding rule that failure to file an appeal within the time set forth in Rule 8002(a) divests an appellate court of jurisdiction. The court concluded that "unlike the rules [the Supreme Court has] held non-jurisdictional . . . Fed. R. Bankr. P. 8002(a)'s time limit has its roots in a congressionally-enacted statute." Id. at 755 n.1. To support this conclusion, the Third Circuit cited Rule 8002 Advisory Committee's Notes which state that Rule "8002 is an 'adaptation' of Fed. R. App. P. 4(a)" and noted that the Supreme Court held in Bowles that Fed. R. App. P. 4(a)'s time limit for filing a notice of appeal in a civil case derives from 21 U.S.C. § 2107. Id.

The Tenth Circuit B.A.P. has also recently wrestled with Rule 8002(a)'s questionable jurisdictional status in In re Kingsley, 423 B.R. 344 (B.A.P. 10th Cir. 2010). The B.A.P. cited 28 U.S.C. § 158(c)(2)'s "in the time provided by Rule 8002" language and explained that "[t]he Bowles decision appears to hold that a rule governing the time for appeal, which is backed by a statute, particularly one that has

_____

[2](...continued)
appeal of the bankruptcy court's order to the district court was untimely and, therefore, the district court lacked jurisdiction to hear the appeal); Hunt v. Giuliano & Father Const., 160 Fed. App'x 670, 673 (10th Cir. 2005) (stating that district court lacked jurisdiction to hear appellant's appeal from the bankruptcy court because he failed to comply with Rule 8002(a)'s time requirements, citing In re Herwit); In re Lang, 414 F.3d 1191, 1196 (10th Cir. 2005) (concluding that in the bankruptcy context "an untimely appeal to an intermediate appellate court . . . precludes a subsequently reviewing circuit court from reaching the underlying bankruptcy court ruling" citing In re Herwit); In re Wedel, 102 Fed. App'x 639, 640–41 (10th Cir. 2004) (declaring the failure of the appellant to file a timely appeal of the bankruptcy court's order deprived the district court of jurisdiction to hear the appeal).

historically been treated as jurisdictional, is jurisdictional." In re Kingsley, 423 B.R. at 351. The panel observed the time limit in Section 2107 considered in Bowles actually specified the time parameter; whereas, Section 158(c)(2) does not. Id. It, however, concluded this is a distinction without a difference because Section 158(c)(2) "specifically adopts the time parameters of Rule 8002, and timely filing a notice of appeal in a bankruptcy case has historically been considered a jurisdictional requirement." Id. The B.A.P., therefore, concluded "absent controlling precedent indicating that the statute must specifically set the time parameters," it will continue to treat Rule 8002(a)'s time limit as jurisdictional. Id.

We believe recent Supreme Court cases and our own precedent reaffirm our holding in In re Herwitt and support the B.A.P.'s conclusion in In re Kingsley that Rule 8002(a) is jurisdictional. Though the Supreme Court cases have emphasized the importance of a rule's derivation from statute, exact symmetry does not seem necessary. In Kontrick, the Court noted in its analysis of Fed. R. Bankr. P. 4004(a) that Congress had granted bankruptcy courts jurisdiction to hear objections to discharges but did not include any "timeliness condition." Kontrick, 540 U.S. at 453. In contrast, Congress did explicitly include a timeliness condition in 28 U.S.C. § 158(c)(2)—the requirement that a notice of appeal be filed within the time provided by Rule 8002(a). Furthermore, the timeliness requirement contained in Section 158(c)(2) is located in the same section granting the district courts and bankruptcy appellate courts jurisdiction to hear appeals from bankruptcy

13

courts—Section 158(a)–(b).  Also, as the Court in <u>Bowles</u> noted, "time limits for filing a notice of appeal have been treated as jurisdictional in American law for well over a century."  551 U.S. at 210 n.2.  While here, of course, we are dealing with appeals from bankruptcy court, rather than the civil appeal discussed in <u>Bowles</u>, we do not believe this distinction makes a difference.  As the Third Circuit noted in <u>In re Taylor</u>, the Advisory Committee Notes accompanying Rule 8002(a) state that the rule "is an 'adaptation' of Fed. R. App. P. 4(a)," which was the very rule addressed in <u>Bowles</u>.  343 Fed. App'x at 755 n.1.  And, <u>Bowles</u> and <u>Reed Elsevier</u> direct us to look at the Court's "interpretation of similar provisions."  <u>Reed Elsevier</u>, 130 S. Ct. at 1248.  Finally, we note, as <u>Bowles</u> and <u>Reed Elsevier</u> teach us to do, all circuits prior to <u>Kontrick</u> and its progeny uniformly treated Rule 8002(a) as jurisdictional.

We note, however, at least one court appears to have taken the opposite point of view.  In <u>Felix v. Felix</u>, 2009 WL 3711483, at *2 (E.D. La. 2009), the district court concluded it retained jurisdiction over the appellant's appeal even though he filed it within eleven rather than ten days, merely stating that Fed. R. Bankr. P. 9030 "states, '[t]hese rules shall not be construed to extend or limit the jurisdiction of the courts or the venue of any matters therein.'  <u>See</u> <u>also</u> <u>Kontrick v. Ryan</u>, 540 U.S. 443, 453–54 (2004)."  The Supreme Court explained in <u>Kontrick</u> "[o]nly Congress may determine a lower federal court's subject-matter jurisdiction" and, therefore, "'it is axiomatic' that such rules 'do not create or withdraw federal jurisdiction.'"

14

Kontrick, 540 U.S. at 452–53 (quoting Owen, 437 U.S. at 370). Here, Rule 8002(a) defines the statutory time period for filing an appeal under Section 158(c)(2), rather than the reverse. As the Felix court suggests, treating Rule 8002(a) as jurisdictional arguably conflicts with the principle espoused in Rule 9030 because doing so allows a bankruptcy rule to set the time within in which a party must file an appeal and, thereby, allows a bankruptcy rule to affect the subject-matter jurisdiction of a federal court. But, ultimately this argument fails. It is true that bankruptcy rules *alone* cannot create or withdraw jurisdiction. Here, however, it is Section 158(c)(2) that is determining jurisdiction by incorporating the time limits prescribed in Rule 8002(a). Indeed, the Court in Bowles went so far as to say that "Congress may authorize courts to promulgate rules that excuse compliance with the statutory time limits." Bowles, 551 U.S. at 214. Authorizing courts to make exceptions to jurisdictional time limits is effectively the same as authorizing courts to set the time limit in the first instance. For this reason, Rule 9030 does not alter our conclusion that Rule 8002(a) warrants jurisdictional treatment.

IV.

In addition, Latture argues Bankruptcy Rules 8002(a) and 9006(a) must be read together with Fed. R. App. P. 6 and 26. Fed. R. App. P. 6(b)(1) provides that the Federal Rules of Appellate Procedure (with three exceptions, all inapplicable here) "apply to an appeal *to a court of appeals* under 28 U.S.C. § 158(d) *from* a final judgment, order, or decree of a *district court* or *bankruptcy appellate panel*

15

exercising appellate jurisdiction under 28 U.S.C. § 158(a) or (b) . . . ." (emphasis added). Fed. R. App. P. 26(a)(2) provides that for the purposes of computing time limits set forth in the Federal Rules of Appellate Procedure, weekends and holidays are excluded from time limits of eleven days or less. If we applied these two provisions, Latture's appeal would be timely because the intervening Saturday and Sunday would be excluded from the ten-day period. But, of course, the Federal Rules of Appellate Procedure do not apply to this case because here we have an appeal *from* a judgment rendered by a *bankruptcy court* exercising original jurisdiction *to a bankruptcy appellate panel*. By its own terms Fed. R. App. P. 6 does not govern an appeal taken from bankruptcy court to a bankruptcy appellate panel. The time limits that govern such an appeal are instead set forth in the Bankruptcy Rules.

V.

Finally, Latture argues he was deprived of an opportunity to file a request for an extension of time under Rule 8002(c)(2) for excusable neglect, which provides:

> A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect.

Latture filed his notice of appeal on November 25. He asserts a clerk from the B.A.P. contacted him and opposing counsel shortly after he filed his notice of appeal to discuss its timeliness. According to Latture, neither counsel during that

16

discussion believed the appeal was untimely, but the clerk remained unsure. Then on December 1, 2008 the B.A.P. docketed Latture's appeal stating: "Provided no timely election is filed, this appeal will proceed before the BAP." But, on December 9, 2008 the B.A.P. issued an "Order to Show Cause Why Appeal Should Not Be Dismissed as Untimely." Latture claims that because the B.A.P. docketed his appeal on December 1, he had no reason to think his appeal was untimely and, therefore, no reason to think he should file a motion for extension of time for excusable neglect.

Latture further asserts that had he been put on notice his appeal was untimely he would have received an extension for excusable neglect because the bankruptcy district court "double entered" its summary judgment order on the docket sheet, the second entry being docket entry #51 entered on November 17, 2008. He contends that this "double entry" leads to doubts about the finality of the first entry of summary judgment and confusion as to the date the court's judgment was actually entered. Furthermore, Latture asserts he never received the judgment, docket entry #51, entered on November 17, 2008. He claims all of these reasons amount to excusable neglect.

Latture's arguments on this score are unavailing. First, the B.A.P. docketed the show cause order on December 9, alerting Latture to the fact that he had untimely filed his notice of appeal on November 25. Given that Rule 8002(c) allows twenty days after the last date the notice of appeal could be timely filed, Latture had until Monday, December 15, 2008 to file a timely motion for extension of time.

17

Therefore, he had at least from December 9, when the B.A.P. alerted him to his appeal's untimeliness, to December 15 to file a timely motion for an extension of time and, yet, he did not file such a motion.

Second, even if he had filed such a motion, we note for the sake of clarity that the bankruptcy court did not double enter its memorandum of summary judgment and judgment dismissing the case. Instead, it entered the memorandum of summary judgement as docket entry #48 on November 14, the judgment dismissing the case as docket entry #49 on November 14, the certificate of mailing the memorandum of summary judgment as docket entry #50 on November 16 and the certificate of mailing the judgment dismissing the case as docket entry #51 on November 17. As is customary in federal court practice, the certificate of mailing the judgment, docket entry #51, contained a *copy* of the one and only judgment dismissing the case. It was not a second judgment. There was no double entry.

Additionally, Bankruptcy Rule 9022(a) dictates that litigating parties must keep themselves apprised of the orders of the court because "[l]ack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002." As discussed above, Rule 8002 requires parties to file a motion to extend the time to file a notice of appeal either before the time for filing the notice has expired or within twenty days of expiration upon a showing of excusable neglect, neither of which Latture did. Thus, even assuming Latture did not receive the court's

18

judgment, the B.A.P. could not extend the time to file a notice of appeal.

For the foregoing reasons, the order of the B.A.P. dismissing Latture's appeal as jurisdictionally barred is AFFIRMED.