**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 6, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

In re:  THE VAUGHAN COMPANY
REALTORS,

    Debtors.

------------------------------

DAVID LANKFORD; LEE ANN
LANKFORD,

    Appellants,

v.

JUDITH A. WAGNER, Chapter 11 Trustee
of the Bankruptcy Estate of the Vaughan
Company Realtors,

    Appellee.

No. 18-2030
(D.C. No. 1:18-CV-00037-WJ-KRS)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **O'BRIEN**, and **CARSON**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

David Lankford and Lee Ann Lankford, proceeding pro se, appeal from the district court's dismissal of their appeal from the bankruptcy court's order denying their motion for relief under Fed. R. Civ. P. 60(b). Exercising jurisdiction pursuant to 28 U.S.C. § 158(d)(1), we affirm.

I. Background

This case arises from a Chapter 11 bankruptcy in which the Trustee filed an adversary proceeding against the Lankfords for recovery of fraudulent transfers and disallowance of claims. Ultimately, judgment was entered against the Lankfords. The Lankfords did not appeal, but they subsequently filed other motions attempting to obtain relief from the judgment. Each attempt at obtaining relief from the judgment was unsuccessful. Undeterred, in November 2017, the Lankfords filed a "Motion to Vacate Void Judgments per Rule 60(b)(4)." The bankruptcy court entered its order denying the motion on December 12, 2017. The Lankfords filed their notice of appeal from the bankruptcy court's decision on January 4, 2018.

On January 11, 2018, the Bankruptcy Appellate Panel of the Tenth Circuit issued an order directing the Lankfords to show cause why their appeal should not be dismissed as untimely, indicating that the notice of appeal was filed twenty-three days after entry of the judgment being appealed. Shortly thereafter, the Trustee filed a statement of election to proceed in district court and the case was transferred to the district court.[1]

---

[1] An appeal from a final order of a bankruptcy court "shall be heard by a 3-judge panel of the bankruptcy appellate panel . . . unless . . . any party elects, not

2

The district court then issued its own order to show cause why the appeal should not be dismissed for lack of jurisdiction because it had not been timely filed. The Lankfords filed a response, arguing that their appeal was timely because "there are no statute of limitations or timing restrictions for a Rule 60(b)(4) or (c)(1) Motion." R. at 255. The Trustee filed a reply, asserting that the court lacked jurisdiction to hear the appeal because Fed. R. Bankr. P. 8002(a) requires that an appeal be filed fourteen days after entry of the judgment or order being appealed. The Trustee noted that the Lankfords had argued "that there is no time limit for requesting relief under certain sections of Fed. R. Civ. P. 60," but the Trustee asserted that "this argument fails to address the applicable time limit for filing an appeal under Fed. R. Bankr. P. 8002(a), which is controlling in this case." R. at 264. The district court determined that the notice of appeal was untimely and dismissed the appeal of the bankruptcy court's order for lack of jurisdiction. The Lankfords now appeal the district court's dismissal order.

II. Discussion

We review de novo the district court's dismissal for lack of jurisdiction. *Weston v. Mann* (*In re Weston*), 18 F.3d 860, 862 (10th Cir. 1994). Although the Lankfords ostensibly raise three issues on appeal, the scope of this appeal is limited to one issue—whether the district court properly dismissed the Lankfords appeal of

---

later than 30 days after service of the notice of appeal . . . to have such appeal heard by the district court." 28 U.S.C. § 158(c)(1)(B).

3

the bankruptcy court's order denying their motion seeking relief under Rule 60(b). As a result, we will not address any arguments unrelated to the issue on appeal (for example, the Lankfords include arguments about the merits of their Rule 60(b) motion, complaints about the conduct of various judges who have ruled against them, and allegations of due process violations in various proceedings).

With respect to the district court's dismissal of their appeal, the Lankfords argue that there is no time limitation on Rule 60(b)(4) motions and therefore the dismissal of their appeal was improper. It is true that Rule 60(b) does not contain express time limits for seeking relief in certain circumstances. *See* Fed. R. Civ. P. 60(c)(1) (noting that "[a] motion under Rule 60(b) must be made within a reasonable time," unless the moving party is seeking relief for the reasons set forth in Rule 60(b)(1),(2) or (3), which requires that the motion be filed within one year of "entry of the judgment or order or date of the proceeding"). But the question in this appeal is not whether the Lankfords timely filed their Rule 60(b) motion in bankruptcy court. Instead, the question is whether the Lankfords timely filed their appeal from the bankruptcy court's denial of their Rule 60(b) motion. We agree with the district court that the Lankfords did not timely file their appeal.

A district court has "jurisdiction to hear appeals from . . . final judgments, orders, and decrees" of the bankruptcy court. 28 U.S.C. § 158(a)(1). And the Federal Rules of Bankruptcy Procedure "govern the procedure in a United States District Court and a bankruptcy appellate panel on appeal from a judgment, order or decree of a bankruptcy court." Fed. R. Bankr. P. 8001(a). Consistent with this, we

4

have explained that "the time limits that govern . . . an appeal [taken from bankruptcy court to a bankruptcy appellate panel] are . . . set forth in the Bankruptcy Rules." *Latture v. Latture* (*In re Latture*), 605 F.3d 830, 838 (10th Cir. 2010). The Bankruptcy Rules provide that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a).

The bankruptcy court entered its order denying the Lankfords' Rule 60(b) motion on December 12, 2017, but the Lankfords did not file their notice of appeal until January 4, 2018—twenty-three days after entry of the district court's denial order. In our decision in *In re Latture*, we reaffirmed our earlier determination that the "failure to file a timely notice of appeal [is] a jurisdictional defect barring appellate review of a bankruptcy court's order." 605 F.3d at 831-32 (internal quotation marks and citation omitted). Because the Lankfords filed their appeal more than fourteen days after entry of the bankruptcy court's order denying their Rule 60(b) motion, the district court properly dismissed their untimely appeal for lack of jurisdiction.

Accordingly, we affirm the district court's judgment. We deny the Lankfords' "Motion for Designation of Additional Items into Record on Appeal" for substantially the reasons set forth in the Trustee's response to that motion.

Entered for the Court

Joel M. Carson III
Circuit Judge