FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**December 8, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

In re:  MATTHEW CURTIS WITT,

    Debtor.

------------------------------

NOEL WEST LANE, III,

    Plaintiff - Appellant,

v.

MATTHEW CURTIS WITT; NICOLE
WITT; TORREY LIVENICK; LIVENICK
LAW,

    Defendants - Appellees.

No. 23-1035
(BAP No. 22-007-CO)
(Bankruptcy Appellate Panel)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **EID**, **CARSON**, and **ROSSMAN**, Circuit Judges.
_____

Noel West Lane, III, appearing pro se, appeals the judgment of the United

States Bankruptcy Panel of the Tenth Circuit (BAP).  The BAP concluded it lacked

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

jurisdiction over Lane's appeal of two bankruptcy court orders because his notice of appeal was untimely. The BAP also affirmed the bankruptcy court's denial of Lane's motion for reconsideration. Exercising jurisdiction under 28 U.S.C. § 158(d)(1), we affirm.

## I. BACKGROUND

A dispute between Lane and defendant Matthew Curtis Witt has a nearly fifteen-year history that we need not recount. For our purposes, it is enough to know that Lane has long sought relief (unsuccessfully) from Witt, including through numerous judicial proceedings, for alleged mortgage fraud that allegedly caused Lane's bankruptcy.

This appeal arises from one of Lane's efforts to secure relief from Witt—an adversary proceeding Lane brought in Witt's bankruptcy case naming multiple defendants, including Witt and an attorney for a third party, Torrey Livenick. Lane alleged Witt and others were involved in the destruction of forty-four boxes of Witt's business documents Lane believe were pertinent to the alleged mortgage fraud. The defendants filed motions to dismiss the adversary proceeding. The bankruptcy court granted those motions by order dated November 24, 2021, *see* R. at 478–86, and a corrected order filed on January 10, 2022, *see* R. at 1424–32 (Dismissal Order). On March 9, 2022, the bankruptcy court granted motions for sanctions Witt and Livenick filed. The court concluded Lane had filed the adversary proceeding for an improper purpose (the court had warned Lane in a prior adversary proceeding that Witt's bankruptcy case was an improper forum for litigating disputes related to the boxes of

2

business documents) and imposed $2,000 in sanctions. *See* R. at 231–34 (Sanctions Order).

On March 22, Lane filed a motion to extend the time to file a motion related to the Sanctions Order, but he did not request an extension of time to appeal the Sanctions Order. *See* R. at 176–78. The bankruptcy court granted the motion to enlarge. *See* R. at 183. On April 6, Lane filed a motion seeking to stay the Sanctions Order until the bankruptcy court held a hearing to reconsider the sanctions (Motion for Reconsideration). R. at 497–502. On April 15, the bankruptcy court denied the Motion for Reconsideration, finding it "fail[ed] to set forth adequate grounds to grant the requested relief." R. at 415 (Order Denying Reconsideration).

On April 20, 2022, Lane filed a notice of appeal to the BAP, identifying the order denying his Motion for Reconsideration as the subject of the appeal. *See* R at 1775. In his amended appeal brief, however, Lane also sought reversal of the Dismissal Order and the Sanctions Order. *See* R. at 1748–49, 1760.

The BAP concluded that Lane's notice of appeal was untimely as to both the Dismissal Order and the Sanctions Order, and therefore the BAP lacked jurisdiction to review those orders. *See* R. at 16–19; *see also* 28 U.S.C. § 158(c)(2) (bankruptcy appeals to be taken "in the time provided by [Bankruptcy] Rule 8002"); Fed. R. Bankr. P. 8002(a)(1) (subject to certain exceptions, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed"); *Emann v. Latture (In re Latture)*, 605 F.3d 830, 832

(10th Cir. 2010) ("[T]he failure to file a timely notice of appeal from a bankruptcy court's order constitutes a jurisdictional defect.").

The BAP explained that Lane's notice of appeal from the Dismissal Order was due by January 24, 2022, but he had filed no timely notice of appeal or any motion that might have tolled the time to appeal that order. Consequently, the BAP concluded, it lacked jurisdiction to review that order. *See* R. at 17–18.

Turning to the Sanctions Order, the BAP reasoned as follows: Federal Rule of Bankruptcy Procedure 9023 provides a fourteen-day time period to file a motion to reconsider. Federal Rule of Bankruptcy Procedure 9006(b)(2) precludes the bankruptcy court from enlarging that time period. Therefore, the bankruptcy court erred in granting Lane an extension of time to file the Motion for Reconsideration. But despite that error, Lane was still obligated to file a notice of appeal within fourteen days of the Sanctions Order yet failed to do so. And because Lane's Motion for Reconsideration was not filed within Rule 9023's fourteen-day time limit, it was untimely and therefore did not toll the time to file a notice of appeal of the Sanctions Order, regardless of the bankruptcy court's disposition of that motion on the merits. *See* R. at 19 & n.28 (citing, inter alia, *Banner Bank v. Robertson (In re Robertson)*, 774 F. App'x 453, 466 (10th Cir. 2019), which held "that an untimely Rule 9023 motion is ineffective to toll the time to file a notice of appeal under 28 U.S.C. § 158(c)(2) and Bankruptcy Rule 8002(a) regardless of whether the bankruptcy court disposes of the motion on the merits or whether an opposing party raises in the

4

bankruptcy court a timeliness objection to that court's consideration of the motion.").[1]

As to the Order Denying Reconsideration, the BAP concluded the notice of appeal was timely, R. at 14, but affirmed that order on the merits because the Motion for Reconsideration merely rehashed arguments Lane made in opposition to the motions for sanctions, R. at 23–24.

Lane filed a timely appeal from the BAP's judgment.  R. at 8–9.

## II.  DISCUSSION

We afford Lane's pro se filings a liberal construction.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Even so, we discern no argument in his opening brief that the BAP erred in concluding the bankruptcy court did not abuse its discretion in denying the Motion for Reconsideration.  Lane has therefore waived appellate review of that ruling.  *See Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) ("Issues not raised in the opening brief are deemed abandoned or waived." (internal quotation marks omitted)).

Next, we perceive only three arguments in Lane's opening brief that can be construed as touching on the BAP's conclusion that Lane failed to file a timely appeal from either the Dismissal Order or the Sanctions Order.  We begin with the first two.  First, Lane contends his untimely notice of appeal should be excused because he identified the incorrect order from which to measure the time to appeal.

---

[1] In the alternative, the BAP determined the bankruptcy court did not abuse its discretion by entering the Sanctions Order.  R. at 20–22.

*See* Aplt. Opening Br. at 13, 17.  Second, Lane appears to contend he confused

Bankruptcy Rule 8002(a)(1)'s fourteen-day period for filing a notice of appeal with

Federal Rule of Appellate Procedure 4(a)(1)(A)'s thirty-day period (although he does

not cite either rule).  *See id.* at 11–12 & n.13.

Neither of these arguments is sufficiently developed to invoke appellate

review.  Although we make "some allowances" for pro se litigants' "failure to cite

proper legal authority," "confusion of various legal theories," "poor syntax and

sentence construction," and "unfamiliarity with pleading requirements," we still

expect them to follow the same procedural rules "that govern other litigants."

*Garrett*, 425 F.3d at 840 (internal quotation marks omitted).  And "the court cannot

take on the responsibility of serving as the litigant's attorney in constructing

arguments and searching the record."  *Id.*  As we have said, "[t]he first task of an

appellant is to explain to us why the district court's decision was wrong."  *Nixon v.

City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015). Thus, Rule

28(a)(8)(A) requires an appellant's opening brief to contain "the argument, which

must contain . . . appellant's contentions and the reasons for them, with citations to

the authorities and parts of the record on which the appellant relies."  "Under

Rule 28, which applies equally to pro se litigants, a brief must contain more than a

generalized assertion of error, with citations to supporting authority."  *Garrett*,

425 F.3d at 841 (ellipsis and internal quotation marks omitted).  "When a pro se

litigant fails to comply with that rule, we cannot fill the void by crafting arguments

and performing the necessary legal research." *Id.* (brackets and internal quotation marks omitted).

Although Lane does cite to the record, his arguments regarding the BAP's conclusion that it lacked jurisdiction over his appeal from the Dismissal and Sanctions Orders are conclusory and unsupported by any legal authority. Nor does Lane explain why his asserted confusion demonstrates that the BAP erred. We are thus left to guess what legal theories he might be invoking. And even if we guessed (and guessed correctly),[2] it is Lane's job, not ours, to develop the argument and at least attempt to support it with pertinent legal authority.

In his third argument, Lane accuses the courts in Colorado (apparently, both state and federal courts) of institutional bias against pro se litigants, arguing that they apply procedural rules and regulations in order to curtail pro se litigants' constitutional rights to due process and equal protection. As one alleged example of

---

[2] For example, his arguments could be construed as suggesting that his confusion about which order triggered the time to file a notice of appeal amounts to excusable neglect under Bankruptcy Rule 8002(d)(1)(B), which permits the bankruptcy court to extend the time to appeal when a party files a motion and demonstrates excusable neglect. But Lane filed no motion for an extension of time to appeal let alone argue excusable neglect. Moreover, Lane fails to grapple with the general rule that excusable neglect does not include "inadvertence, ignorance of the rules, or mistakes construing the rules," *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). Even further, the extra sixteen days he claims to have thought he had under Federal Rule of Appellate Procedure 4(a)(1)(A) to file a notice of appeal does not account for the more than three months between the Dismissal Order and his notice of appeal or the forty-two days between the Sanctions Order and his notice of appeal.

bias in this case, Lane points to the BAP opinion's opening remark: "Timing is everything—especially in the law." R. at 11.

As noted, we have long held that procedural rules apply equally to pro se and counseled litigants. *See Garrett*, 425 F.3d at 841. And the equal application of procedural rules to all litigants does not amount to a due process or equal protection violation when those rules are applied to a pro se litigant. Furthermore, our review of the rulings pertinent to this appeal discloses no unfair treatment due to Lane's pro se status. To the contrary, both the bankruptcy court and the BAP provided thorough and well-reasoned explanations of the bases for their rulings, free of any bias against Lane on account of his pro se status or otherwise. Lane's contrary contentions are unfounded and abusive. In particular, the BAP's remark concerning the importance of timing in the law was an objectively accurate observation, not evidence of an unfair application of timing rules to a pro se litigant.

Accordingly, because Lane has failed to adequately brief the jurisdictional issues and has leveled baseless accusations at the courts, we decline to consider the merits of the BAP's conclusion that it lacked jurisdiction over Lane's appeal from the Dismissal Order and the Sanctions Order.

### III.  CONCLUSION

We affirm the Bankruptcy Appellate Panel's judgment.

Entered for the Court


Joel M. Carson III
Circuit Judge

8