FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**May 21, 2025**

_____

**Christopher M. Wolpert**
**Clerk of Court**

In re: KATRINA LASTRA,

    Debtor.

----------------------

KATRINA LASTRA,

    Appellant,

v.

ERIC DAVIS; UTAH HOUSING
CORPORATION,

    Appellees.

No. 24-4096
(BAP No. 24-016-UT)
(Bankruptcy Appellate Panel)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

---

[*]    Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the briefs. _See_ Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

This appeal is brought by Ms. Katrina Lastra, who challenges the Bankruptcy Appellate Panel's dismissal of her appeal. We affirm the Bankruptcy Appellate Panel's dismissal.

On July 24, 2024, the bankruptcy court entered an order confirming Ms. Lastra's Chapter 13 plan. Ms. Lastra had fourteen days to file an appeal (August 7, 2024). Fed. R. Bankr. P. 8002(a)(1). But Ms. Lastra waited until August 26, 2024, to appeal.[1] This delay created a jurisdictional defect. *In re Latture*, 605 F.3d 830, 836 (10th Cir. 2010) (concluding that this deadline is jurisdictional). So the Bankruptcy Appellate Panel dismissed Ms. Lastra's appeal.

In her reply brief, Ms. Lastra invokes Fed. R. Civ. P. 60, which ordinarily applies in bankruptcy proceedings. *See* Fed. R. Bankr. P. 9024. But procedural rules in the Federal Rules of Bankruptcy Procedure don't ordinarily modify deadlines to appeal. *See In re Latture*, 603 F.3d at 837 (concluding that Fed. R. Bankr. P. 9030 does not modify the jurisdictional deadlines in Fed. R. Bankr. P. 8002); *see also* 28 U.S.C. § 158(c)(2) (noting that appeals must be taken "in the time provided by Rule 8002 of the Bankruptcy Rules"). Because the bankruptcy rule incorporating Fed. R.

---

[1]    Ms. Lastra did not move within bankruptcy court for an extension of the deadline for filing the appeal.

Civ. P. 60 is not jurisdictional, Rule 60 doesn't affect the Bankruptcy Appellate Panel's jurisdiction.

Ms. Lastra also argues that (1) the collection of debt in her case constitutes a denial of due process and a violation of the Fair Debt Collection Practices Act, (2) her creditors violated an appellate order, (3) her attorney committed malpractice by failing to object to a proof of claim, (4) the bankruptcy court failed to docket an objection, and (5) the Bankruptcy Appellate Panel's Clerk of the Court demonstrated prejudice by issuing a same-day request to show cause. But these arguments don't bear on whether Ms. Lastra failed to timely appeal to the Bankruptcy Appellate Panel.

Because the Bankruptcy Appellate Panel's dismissal was correct, we affirm.[2]

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[2]    Ms. Lastra also moves for leave to proceed in forma pauperis. We grant this motion.

3