FILED

U.S. Bankruptcy Appellate Panel
of the Tenth Circuit

**March 25, 2026**

**Anne M. Zoltani
Clerk**

NOT FOR PUBLICATION[1]

# UNITED STATES BANKRUPTCY APPELLATE PANEL

# OF THE TENTH CIRCUIT

_____

| | |
|---|---|
| IN RE RICKY DALE GRAHAM, | BAP No. WO-25-011 |
| Debtor. | |
| | |
| | Bankr. No. 22-11934 |
| RICKY DALE GRAHAM, | Chapter 13 |
| Appellant, | |
| v. | |
| JOHN T. HARDEMAN, Chapter 13 Trustee, | OPINION |
| Appellee. | |

_____

Appeal from the United States Bankruptcy Court
for the Western District of Oklahoma

_____

Submitted on the briefs.[2]

_____

Before **JACOBVITZ**, **PARKER**, and **HERREN**, Bankruptcy Judges.

_____

[1] This unpublished opinion may be cited for its persuasive value, but is not precedential, except under the doctrines of law of the case, claim preclusion, and issue preclusion. 10th Cir. BAP L.R. 8026-5.

[2] After examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal, and the parties have not requested oral argument. The case is therefore submitted without oral argument.

**PARKER**, Bankruptcy Judge.

_____

## I. Background

On August 26, 2022, Appellant Ricky Dale Graham filed a chapter 13 bankruptcy case and chapter 13 plan, which the Bankruptcy Court subsequently confirmed. Following confirmation, the chapter 13 trustee ("Trustee") initiated an adversary proceeding to (i) revoke confirmation of Graham's plan under 11 U.S.C. § 1330(a) based on Graham's failure to disclose assets, income, and prepetition transfers to Graham's fiancée, Donna Danner and (ii) dismiss the bankruptcy case with prejudice under § 1307(c)(7).[3]

The parties resolved the adversary proceeding and entered into an _Agreed Judgment_ ("Agreed Judgment"), which the Bankruptcy Court approved on November 21, 2023.[4] The Agreed Judgment revoked confirmation of Graham's plan and, among other things, (i) required Graham to amend his schedules to disclose previously omitted assets and prepetition transfers, (ii) file a new plan and (iii) expressly prohibited him from transferring any assets to Danner or conducting any business with her. The Agreed Judgment granted judgment in favor of the Trustee and contained no express reservation of a right to appeal and provided "strict compliance is required."[5]

---

[3] Unless otherwise noted, all references to "Section," "§," "Bankruptcy Code," and "Code" refer to the U.S. Bankruptcy Code, 11 U.S.C. § 101, et seq., and all references to the "Rules" refer to the Federal Rules of Bankruptcy Procedure.

[4] Agreed Judgment in Trustee's App. at 127.

[5] _Id._ at 3 in Trustee's App. at 129.

In the Agreed Judgment, Graham acknowledged that "failure to comply with any terms of the settlement may result in the case being dismissed."[6] The Agreed Judgment further provided that "failure to complete the plan will result in dismissal with prejudice. Debtor will forever be barred from discharging any debt incurred prior to August 26, 2022 [Graham's bankruptcy filing date]."[7]

Graham subsequently filed amended schedules and an amended plan, and the Bankruptcy Court entered an order confirming the amended plan in February 2024, which incorporated the Agreed Judgment.[8] According to Graham, he made multiple payments under the Amended Plan including both those necessary to bring the plan current and additional payments.[9]

On November 4, 2024, the Trustee filed a motion to dismiss ("Motion to Dismiss") in the bankruptcy case alleging Graham violated the terms of the Agreed Judgment and requesting a dismissal with prejudice to refiling another bankruptcy case and a bar to discharge in a subsequent case.[10] Graham did not respond, and the Bankruptcy Court entered an order dismissing Graham's case on November 13, 2024.[11]

---

[6] *Id.*

[7] *Id.*

[8] *Order Confirming Chapter 13 Plan* in Trustee's App. at 118; *Agreed Order Nunc Pro Tunc* in Trustee's App. at 125.

[9] Graham's Br. at 29.

[10] Motion to Dismiss in Graham's App. at 181.

[11] *Order Barring the Discharge of Debts, Vacating Order to Avoid Lien on Real Property, and Dismissing Case with Prejudice* in Graham's App. at 193.

3

Graham filed a response the next day[12] followed by a motion to reconsider on November 22, 2024.[13]

On February 12, 2025, the Bankruptcy Court granted the motion to reconsider, vacated the dismissal, and reinstated the case.[14] The Bankruptcy Court then held an evidentiary hearing on the Motion to Dismiss on March 25, 2025 ("Hearing") at which Graham appeared pro se.[15] On March 26, 2025, the Bankruptcy Court entered its *Order Dismissing Case with Prejudice, Barring the Discharge of Debts, and Vacating Order to Avoid Lien on Real Property* ("Order Dismissing Case"),[16] which Graham appealed on April 3, 2025.

## II.   Jurisdiction

This Court has jurisdiction to hear timely filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless a party elects to have the district court hear the appeal.[17] No party elected to have the district court hear

---

[12] *Response and Objection to Trustee John T. Hardeman's Motion to Dismiss Case with Prejudice and Bar Discharge of Debts for Violation of Agreed Judgment, Brief in Support, Notice of Opportunity for Hearing, and Certificate of Service Filed by Debtor Ricky Dale Graham* in Graham's App. at 197 ("Objection").

[13] *Motion to Reconsider Order Barring the Discharge of Debts, Vacating Order to Avoid Lien on Real Property, and Dismissing Case with Prejudice, Brief in Support, Notice of Opportunity for Hearing, and Certificate of Service* in Graham's App. at 227 ("Reconsideration Motion").

[14] *Order Vacating Order Barring the Discharge of Debts, Vacating Order to Avoid Lien on Real Property, and Dismissing Case with Prejudice* in Graham's App. at 276.

[15] Tr. in Trustee's App. at 276. At the Hearing, the Bankruptcy Court noted Appellant had failed to file a Witness and Exhibit List as required by the Bankruptcy Court's Local Rules. Tr. at 11 in Trustee's App. at 286.

[16] Order Dismissing Case in Graham's App. at 296.

[17] 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr. P. 8003, 8005.

the appeal. Graham timely filed his notice of appeal from the Order Dismissing Case, which is a final order.[18] Accordingly, this Court has jurisdiction over this appeal.

### III.    Issues on Appeal and Standard of Review

Graham identifies four issues raised on appeal:

Issue 1: [this Court] possesses jurisdiction to determine this appeal.
Issue 2: [t]he [Bankruptcy Court] erred in granting the Agreed Judgment.
Issue 3: [t]he [Bankruptcy Court] erred in denying [Graham] an opportunity to review new evidence prior to Trustee introducing such into the [Hearing].
Issue 4: [t]he [Bankruptcy Court] erred in [] determining [Graham] broke the Agreed Judgment and [dismissing the case].[19]

A bankruptcy court's dismissal of a chapter 13 case with prejudice under § 1307(c) is reviewed for abuse of discretion.[20] Evidentiary rulings are reviewed for abuse of discretion,[21] as is a denial of a continuance.[22] Under the abuse of discretion standard, this Court will not disturb a bankruptcy court's decision unless the Court has "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice under the circumstances."[23] A clear example of an abuse of discretion exists where the trial court "commits a legal error or relies on clearly erroneous factual findings."[24]

---

[18] *In re Davis*, 239 B.R. 573, 576 (10th Cir. BAP 1999) (holding order dismissing chapter 13 case is final).

[19] Graham's Br. at 6.

[20] *Davis*, 239 B.R. at 576.

[21] *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1189 (10th Cir. 2010).

[22] *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (quoting *United States v. West*, 828 F.2d 1468, 1469 (10th Cir. 1987)).

[23] *United States v. Ortiz*, 804 F.2d 1161, 1164 n.2 (10th Cir. 1986).

[24] *Cruz v. Farmers Ins. Exch.*, 42 F.4th 1205, 1210 (10th Cir. 2022) (internal citation omitted).

### IV. Analysis

#### A. Issue 1: Does this Court have jurisdiction to determine this appeal?

Graham argues the Court possesses jurisdiction to determine this appeal.[25] We agree. As described above, this Court has jurisdiction over this appeal.[26]

#### B. Issue 2: Did the Bankruptcy Court err in granting the Agreed Judgment?

Graham argues the Bankruptcy Court erred in granting the Agreed Judgment. In support, he contends he was "forced" to sign the Agreed Judgment "under duress."[27] Graham contends his attorney threatened to withdraw and the Trustee threatened to have the case dismissed if he did not sign the Agreed Judgment.[28] He further argues he suffers from numerous medical conditions and is on multiple medications and, as a result, "was unable to understand the meaning of the Trustee's allegations and negotiations for the Agreed Judgment."[29] He references two letters from "Taylor Caron, PA-C" dated December 5, 2024 and January 2, 2025, which indicate he was prescribed medication "about a year ago" that causes confusion and brain fog.[30] The second letter also provides

---

[25] Appellant also raises arguments regarding communications between the Trustee and Alva State Bank and a Motion for Relief from the Automatic Stay ("Stay Motion") filed by Alva State Bank. Graham's Br. at 16–17. As Appellant appeals the Order Dismissing Case here, the propriety of these communications and any determinations regarding the Stay Motion is beyond the scope of this appeal.

[26] The Court notes that, while we have jurisdiction over the appeal, we do not have jurisdiction to review the Agreed Judgment for the reasons set forth below.

[27] Graham's Br. at 12.

[28] *Id.* at 19.

[29] *Id*. at 18 (citing medical letters in Graham's App. at 338).

[30] Exhibit 3 in Graham's App. at 338–39. These letters were not attached to the Objection or Reconsideration Motion, Objection in Graham's App. at 197; Reconsideration Motion in Graham's App. at 227 and were not included in any exhibit list to be offered into evidence at the Hearing.

6

"[d]uring this time he was under duress and with the confusion, [Graham] would have been unable to be fully competent to sign any documentation."[31]

Here, because Graham did not timely appeal the Agreed Judgment, which is a final order,[32] and the time to do so has now passed,[33] review of the Agreed Judgment is not properly before this Court. Even if the Court did have jurisdiction to review the Agreed Judgment, Graham has waived any arguments regarding duress, incapacity, or the validity of the Agreed Judgment by not raising them before the Bankruptcy Court in opposition to the Motion to Dismiss prior to the Hearing.[34]

---

[31] *Id.*

[32] *In re Durability, Inc.*, 893 F.2d 264, 265–66 (10th Cir. 1990) ("[A]n order is final if it ends the litigation on the merits. . . . The appropriate 'judicial unit' for application of these finality requirements in bankruptcy is not the overall case, but rather the particular adversary proceeding[.]").

[33] 28 U.S.C. § 158(c)(2) ("An appeal . . . shall be taken . . . in the time provided by Rule 8002[.]"). *See Hamer v. Neighborhood Housing Servs. of Chicago*, 583 U.S. 17 (2017) ("An appeal filing deadline prescribed by statute is considered 'jurisdictional,' meaning that late filing of the appeal notice necessitates dismissal of the appeal."); Fed. R. Bankr. P. 8002(a) ("[A] notice of appeal must be filed with the bankruptcy clerk within 14 days after the judgment, order, or decree to be appealed is entered."); *In re Latture*, 605 F.3d 830, 832 (10th Cir. 2010) ("[T]he failure to file a timely notice of appeal from a bankruptcy court's order constitutes a jurisdictional defect.").

[34] *See McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 999 (10th Cir. 2002) (holding arguments not raised before the trial court are waived, whether a "bald-faced new issue or a new theory on appeal that falls under the same general category" (internal citation omitted)); *Lyons v. Jefferson Bank & Tr.*, 994 F.2d 716, 721 (10th Cir. 1993) (stating that a party may not lose on one theory at trial and prevail on a different theory on appeal). *See also, e.g.*, *In re Donald*, 328 B.R. 192, 199 (9th Cir. BAP 2005) ("It is a misconception that defensive matters . . . cannot be raised in Rule 9014 contested matters. To be sure, Federal Rule of Civil Procedure 12(b), which is incorporated by the bankruptcy adversary proceeding rules, does not apply in contested matters. The consequence, however, is merely that the defensive matters that otherwise could be raised either by motion or asserted in an answer must, in a contested matter, be asserted directly in the opposition.").

7

### C. Issue 3: Did the Bankruptcy Court err in denying Graham an opportunity to review new evidence prior to the Hearing?

Additionally, Graham argues the Bankruptcy Court erred in denying him an opportunity to review new evidence prior to the Hearing. In support, he contends his requests for a continuance were "withdrawn . . . as a result of the Judge prompting him."[35] He further argues that, as a result of the Bankruptcy Court's delay in ruling on his requests to continue the Hearing until the Hearing, he did not have "adequate time to review all information regarding his case" and, thus, was denied "his civil rights and due process."[36] Additionally, Graham argues he was denied an opportunity to thoroughly review the Trustee's Witness/Exhibit List (postmarked March 18, 2025) prior to the Hearing.[37] Finally, Graham argues the Trustee violated his duties by failing to disclose all proofs of claim to him and failing to communicate with him.

These arguments are not persuasive. It is well established that "courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."[38] Additionally, "a motion for continuance is addressed to the sound discretion of the trial court and, on appeal, a denial of such request is not grounds for reversal unless there is a clear abuse of discretion which results in manifest injustice."[39]

---

[35] Graham's Br. at 24.

[36] *Id.* at 27.

[37] *Id.* at 26.

[38] *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016).

[39] *United States v. McManaman*, 653 F.2d 458, 460 (10th Cir. 1981).

Here, the record shows Graham filed requests to continue the Hearing on March 19 and March 21, 2025, and the Trustee raised objections to each request.[40] The record also shows Graham advised the Bankruptcy Court at the Hearing that he no longer wanted to continue the Hearing.[41] Graham thereby waived any objection to the Court not granting his requests to continue the hearing. Graham has failed to present to this Court anything demonstrating that the Bankruptcy Court's failure to grant the continuances resulted in manifest injustice. Thus, there is no abuse of discretion by the Bankruptcy Court in failing to grant a continuance prior to or at the Hearing.

Further, given that Graham voluntarily withdrew his request for a continuance, he has also waived any arguments related to adequacy of time to prepare for the Hearing and related due process concerns. And, even if these arguments were not waived, the record does not support Graham's contentions. The Motion to Dismiss was filed on November 4, 2024.[42] On November 14, 2024, Graham responded and requested a hearing,[43] and the Bankruptcy Court entered and served Graham with notice of the Hearing on February 14,

---

[40] *Application for Continuance of Hearing with Certificate of Service* in Graham's App. at 279; *Emergency Request for Application for Request of Continuance of Hearing* in Graham's App. at 285.

[41] Tr. at 5–7 in Trustee's App. at 280–82. At the Hearing, the Bankruptcy Court noted Graham's requests for continuances and gave Graham an opportunity to address this issue. *Id.* The Bankruptcy Court asked Graham if he still wished to continue the matter, and Graham explicitly replied "No," after which the Bankruptcy Court stated it would proceed. *Id.*

[42] Motion to Dismiss in Graham's App. at 181.

[43] *Response and Objection to Trustee John T. Hardeman's Motion to Dismiss Case with Prejudice and Bar Discharge of Debts for Violation of Agreed Judgment, Brief in Support, Notice of Opportunity for Hearing, and Certificate of Service Filed by Debtor Ricky Dale Graham* in Graham's App. at 197.

2025.[44] Further, the Trustee filed and served his witness and exhibit list on March 5, 2025[45] and served Graham with his exhibits on March 18, 2025, via email in compliance with Local Rule 9017-1.[46] All of the foregoing demonstrate that Graham had adequate time to prepare for the Hearing held on March 25, 2025 and was afforded due process. Finally, to the extent Graham raises allegations regarding the Trustee's misconduct in the below proceedings, consideration of those allegations is beyond the scope of this appeal as the Court's review is limited to the Order Dismissing Case.

### D. Issue 4: Did the Bankruptcy Court err in determining Graham violated the Agreed Judgment and dismissing the case?

Graham argues the Bankruptcy Court erred in determining Graham violated the Agreed Judgment and dismissing the case. In support, he contends the Bankruptcy Court engaged in "judicial misconduct" by "twisting" his and Danner's words and by determining Graham was "uncredible."[47] Graham also takes issue with the Bankruptcy Court's question to the Trustee's attorney suggesting that counsel make a hearsay objection to Danner's testimony and its subsequent striking of her hearsay statements from the record.[48]

---

[44] *Corrected Notice of Hearing* [Bankr. ECF No. 151].
[45] *Chapter 13 Trustee's Witness and Exhibit List with Certificate of Service* [Bankr. ECF No. 169].
[46] Local Rule 9017-1(C) requires that "[a]ll exhibits which are intended to be offered in evidence at a trial or hearing must be marked for identification and provided to opposing counsel . . . at least five (5) business days prior to the trial or hearing."
[47] Graham's Br. at 5, 28.
[48] *Id.* at 30–31.

First, a charge of judicial misconduct cannot be based solely upon the way the court decided a particular case.[49] Additionally, because of the Bankruptcy Court's first-hand ability to view Graham and Danner and assess the evidence, we defer to the Bankruptcy Court's credibility determinations.[50] The resolution of conflicting evidence and credibility determinations are for the bankruptcy court judge who personally hears the evidence and observes the demeanor of the witnesses.[51] Given the above, the Bankruptcy Court did not commit judicial misconduct in evaluating testimony and in stating its subsequent credibility determinations.

Additionally, while the Bankruptcy Court's question to the Trustee's counsel[52] indicates a degree of the court's willingness to intercede in the conduct of a trial ordinarily not manifested, there was no error or misconduct in the Bankruptcy Court's inquiry and subsequent striking of Danner's hearsay testimony.[53] And, to the extent the

---

[49] *Green v. Seymour*, 59 F.3d 1073, 1077 (10th Cir. 1995).

[50] *Dalton v. IRS*, 77 F.3d 1297, 1302 (10th Cir. 1996) (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985)).

[51] *Quezada v. County of Bernalillo*, 944 F.2d 710, 721 (10th Cir. 1991).

[52] Tr. at 49 in Trustee's App. at 324 ("The Court: [Trustee's counsel], do you want to object to that as hearsay?")

[53] *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("courts have the inherent authority to manage their . . . courtrooms with a view toward the efficient and expedient resolution of cases."). *See also, e.g.*, *Wallace v. Mulholland*, 957 F.2d 333, 337 (7th Cir. 1992) (no prejudice by the trial judge's sua sponte objections to questions improperly posed by both plaintiffs' and defendants' counsels which would have elicited speculative hearsay testimony); *Sanders v. Rickertsen*, No. 96-4034, 1999 WL 164918, at *2 (7th Cir. Mar. 17, 1999) (unpublished) (holding "sua sponte object[ions] to questions that their counsel asked of witnesses," which "would have elicited hearsay testimony" combined with "allegations of partiality [that were] unsubstantiated" was not an "instance[] of intervention" that would "rise to the level of an abuse of discretion"); *United States v. Johnson*, 529 F.3d 493, 503 n.6 (2d Cir. 2008) (holding "no rule" prevents a trial judge from "interceding *sua sponte*" to stop an improper examination); *United States v. Pisani*,

11

Bankruptcy Court erred in this regard, this error is harmless. Reversible error may not be predicated upon an exclusion of evidence unless a substantial right is affected; the test "is not met where the evidence refused admission does not add anything of probative value beyond the evidence already admitted and would not have changed the outcome of trial."[54] Here, the stricken testimony fails to support Graham's contention that he did not violate the Agreed Judgment and even if admitted would not have changed the outcome of the Bankruptcy Court's ruling.

Moreover, Graham fails to raise any explicit arguments, which challenge his failure to comply with the Agreed Judgment or otherwise assign error to the Bankruptcy Court's dismissal of his chapter 13 case based on his violation of the Agreed Judgment, apart from Issue 2 and Issue 3 addressed above. Tenth Circuit caselaw is clear that issues inadequately raised in an opening brief or issues mentioned but not addressed in an opening brief are waived on appeal.[55] Thus, Graham has waived on appeal any argument not otherwise addressed in this opinion that the Bankruptcy Court erred in determining Graham violated the Agreed Judgment or that the Bankruptcy Court abused its discretion in dismissing Graham's case with prejudice.

---

773 F.2d 397, 402 (2d Cir. 1985) ("[I]f defense counsel pursues an objectionable line of questioning, he can hardly cry 'foul' when the judge . . . excludes the testimony *sua sponte*.").

[54] *In re Bloom*, 634 B.R. 559, 577–78 (10th Cir. BAP 2021).

[55] *In re Syngenta AG MIR 162 Corn Litigation*, 61 F.4th 1126, 1181 (10th Cir. 2023); *United States v. Fisher*, 805 F.3d 982, 991 (10th Cir. 2015).

## V.     Conclusion

Graham has failed to demonstrate the Bankruptcy Court abused its discretion in entering the Order Dismissing Case. Accordingly, we AFFIRM.